```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

RICHARD COMERFORD,            )
          Plaintiff           )
                              )
     v.                       )    C.A. No. 05-10439-WGY
                              )
RICK A. STEWARD,              )
          Defendant           )
```

## MEMORANDUM AND ORDER

For the reasons stated below, the Plaintiff is ordered to show case, within 35 days of this order, why this case should not be dismissed.

## BACKGROUND: PAST LITIGATION

On March 1, 2005, Plaintiff Richard Comerford filed this Complaint accompanied by a Motion for leave to proceed *in forma pauperis*. Plaintiff seeks relief under the Freedom of Information Act ("FOIA")[1] and the Military Whistleblower Protection Act ("Whistleblower Act")[2], against Michael W. Steward, in his official and personal capacities, and Francis J. Harvey, the current Secretary of the Army in his official capacity.

Plaintiff is no stranger to this Court. In 1997, Comerford brought suit in this Court against the Department of Army, claiming Freedom of Information Act violations. Comerford v.

---

[1] See 5 U.S.C. 522(a)(4)(B).

[2] See 10 U.S.C. 1034.

1

Department of Army, C.A. No. 97-11962-WGY. The action was dismissed pursuant to a settlement reached by the parties. Comerford's subsequent motion to re-open the case was denied, and Comerford appealed. The First Circuit Court of Appeals issued a mandate affirming the judgment of this Court, on April 2, 2001 (#34).

In 1999, Comerford brought suit in the Suffolk County Superior Court of Massachusetts against the Department of Defense seeking back pay and disability benefits, alleging he was injured in the line of duty, and the case was removed to this Court. Comerford v. Department of Defense, C.A. No. 99-11712-WGY. In 2000 and 2001 Comerford filed two more actions relating to the same matter, and all three cases were consolidated by this Court. See C.A. No. 00-11671-WGY and C.A. No. 01-11364-WGY.

With respect to C.A. 99-11712-WGY (Lead Case), in July 2002, based on a joint motion by the parties, claims against the federal defendants were dismissed, and claims against the remaining state defendants were remanded to state court. See C.A. 99-11712-WGY (#62). Subsequently, a status conference was held on November 1, 2004, at which time the Court ordered Comerford to undergo a physical examination within 30 days. The Court at that time also dismissed C.A. 04-10712-WGY and C.A. 04-11697-WGY.

Comerford failed to undergo an examination and filed an appeal, and also a motion for reconsideration or for clarification based on new evidence.  That motion was denied on July 21, 2005, and the appeal is pending.

In 2003, Comerford brought another complaint against the Department of Defense, which was also dismissed by this Court. C.A. No. 03-12180-WGY.  The First Circuit Dismissed C.A. 03-12180-WGY on May 5, 2005 (See #14).

In 2004, Comerford brought two more actions, one against the U.S. Secretary of the Army, the other against the Army Board for Correction of Military Records.  C.A. Nos. 04-10712-WGY, 04-11697-WGY.  With respect to C.A. 04-10712-WGY, the First Circuit Court of Appeals affirmed the summary dismissal of this Court on July 7, 2005 (#11).  As previously noted, the other action, C.A. 04-11697-WGY was dismissed after a conference in November 2004.

In 2005, Comerford brought the present action, as well as two other actions, one against this judicial officer, which was dismissed by Judge Stearns, and the other against Rick A. Schweigert.  C.A. Nos. 05-11365-RGS, 05-11399-MLW (pending).[3]

---

[3] A review of the Court filings indicate that Plaintiff has filed no less than ten civil actions disputing various matters arising out of his military service. See Comerford v. Army, US Dept. of, et al., 1:97-cv-11962-WGY (filed 08/28/97 and terminated 8/12/98); Comerford v. Massachusetts Nation, et al., 99-cv-11712-WGY (filed 08/13/99 and terminated 7/12/02); Comerford v. U.S. Department of Defense, et al., 00-cv-11671-WGY (filed 08/11/00 and terminated 1/16/02); Comerford v. United States Department of Defense, et al., 01-cv-11364-WGY (filed

BACKGROUND: PRESENT LITIGATION

In the present action, Comerford claims that Defendants Steward and Harvey have violated both the FOIA and the Whistleblower Act. Comerford states that he began armed forces service in 1971, and was injured in 1993 while serving on active guard duty. Compl. at 3-4. Thereafter the army and guard disputed that Comerford was injured in the line of duty, and the Army General Inspector found that he was actually injured in the line of duty. Compl. at ¶ 15, 16. Comerford claims that his active duty pay and medical care were stopped, but he was never discharged from active duty. Compl. at ¶ 17, 19. Comerford claims that the Army took this action because they were "cooking the books," by keeping more soldiers on active guard duty than they reported to Congress, and paying those servicemen with funds appropriated for other uses. Compl. at ¶ 20-22. Comerford's pay was reinstated and once again stopped in 1996, and since that time Comerford claims that he has neither been paid nor discharged. Compl. at ¶ 27, 28.

---

08/06/01 and terminated 1/17/02); Comerford v. U.S. Department of Defense, 03-cv-12180-WGY (filed 10/23/03 and terminated 1/28/04); Comerford v. U.S. Secretary of the Army, 04-cv-10712-WGY (filed 04/08/04 and terminated 11/2/04; Appeal affirmed 7/7/02); Comerford v. Army Board of Corrections of Military Records, 04-cv-11697-WGY (filed 07/27/04 and terminated 11/2/04); Comerford v. Steward, 05-cv-10439-WGY (filed 03/08/05, pending); Comerford v. Young, 05-cv-11365-RGS (filed 06/23/05, dismissed); Comerford v. Schweigert, 05-cv-11399-MLW (filed 07/05/05, pending).

In 1995, the Massachusetts National Guard and a Major General accused Comerford of collecting civilian employment wages, however the Staff Judge Advocate found no evidence of such employment. Compl. at ¶ 43-44. Comerford claims that the Army requested the U.S. Attorney's office to prosecute Comerford, but the office declined, citing lack of sufficient evidence. Compl. at ¶ 45-46.

Defendant Steward was an investigator with the Criminal Investigation Division of the Massachusetts National Guard ("the Guard") who looked into allegations against Comerford for collecting civilian pay and making false claims and statements. Compl. at ¶ 2. Comerford claims that Steward "maliciously" failed to mention in his report that Comerford had filed a complaint against the Guard, or that the charges against Comerford were initiated soon after he filed his complaint. Comp. at 14. Comerford claims that Steward "unlawfully suppressed evidence that would have exonerated me and cast doubt on the good faith of the Guard officers who initiated a baseless investigation of me in retaliation for blowing the whistle on fraud, waste and abuse withing the Guard and the Army." Compl. at ¶ 143. Additionally, Comerford claims that Steward attempted to "intimidate" several police officers into testifying that Comerford had received civilian pay from their departments. Compl. at 19-20. Comerford claims that Steward exhibited

5

professional misconduct by failing to corroborate evidence and misusing informants. Compl. 20-28.

Comerford asks this Court for declaratory relief stating that Steward: 1) Filed a false police report against Comerford containing false and perjured statements; 2) Suppressed evidence favorable to Comerford; 3) Attempted to "frame" Comerford for crimes; 4) Attempted to "intimidate and tamper" with witnesses; and 5) Unlawfully retaliated against Comerford under the Whistleblowing statute. Compl. at 30. Comerford also asks this Court to order the Army, 1) to amend the Criminal Investigation Division's 1999 report, 2) to remove Comerford's name from persons identified as possibly having committed a crime, and 3) to supply Comerford with any records associated with his criminal investigation. Compl. at 30-31. Additionally, Comerford seeks damages for "loss of my good name, profession, military entitlements, promotion and my ability to earn a living. Compl. at 30.

By separate Order, Comerford's motion for leave to proceed *in forma pauperis* was allowed.

## DISCUSSION

I. <u>The Court May Screen this Action</u>

This Court may screen the Complaint filed by Comerford under 28 U.S.C. § 1915. Section 1915, authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without

6

prepayment of the filing fee if the action lacks an arguable basis either in law or in fact; Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting former § 1915(d)); if the action fails to state a claim on which relief may be granted; or if the Plaintiff seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  Here, Comerford's complaint is subject to dismissal for the reasons stated below.

II.   Freedom of Information Act and Privacy Act Claims

Comerford's claims under FOIA and the Privacy Act are subject to dismissal because he seeks relief that is not available under these acts, and seeks this Court to compel actions by parties who are not authorized by statute to take such action.

First, the FOIA allows a district court to enjoin an agency from withholding records that are improperly being kept from the complainant.  5 U.S.C. 522(a)(4)(B).[4]  This provision allows for

---

[4] "On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to

7

injunctive relief, but does not give the court the power to award damages, or to order the change of records.  See Id.; Johnson v. City of Shorewood, Minnesota, 360 F.3d 810, 816 (8th Cir. 2004) ("FOIA ... is a comprehensive scheme that provides for injunctive relief only, not tort liability or damages."); Johnson v. Executive Office for U.S. Attorneys, 310 F.3d 771, 777 (D.C. Cir. 2002) (FOIA "provides requesters with the potential for injunctive relief only, either to enjoin the withholding of documents or to compel production of agency records.").

Thus, Comerford seeks relief that this Court is not authorized to grant.  Under the FOIA, this Court lacks authority to order the amendment of any records.  Additionally, the declaratory relief that Comerford requests would not effectuate the mission of the FOIA; such relief would not produce any records which may or may not be improperly held by the agency.

Second, under the Privacy Act, one must exhaust his/her administrative remedies within a specific agency before seeking the type of judicial relief requested herein.  See 5 U.S.C. 522a(G).[5]  While there is no exhaustion requirement in the

---

enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. 522(a)(4)(B).

[5] (1) Civil remedies.--Whenever any agency (A) makes a determination under subsection (d)(3) of this section not to

statute, courts recognize that a plaintiff must follow the administrative procedures of the agency before bringing suit. See Mumme v. U.S. Dept. of Labor, 150 F. Supp. 2d 162,169 (D. ME 2001) ("Before a litigant may file a lawsuit against a federal agency pursuant to the Privacy Act, to exhaust his administrative remedies he first must follow the procedures adopted by that agency."); Reyes v. Supervisor of Drug Enforcement Admin., 834 F.2d 1093, 1097 (1st Cir. 1987).

In his Complaint, Comerford claims that he has made "numerous" requests under the FOIA and the Privacy Act. Compl. at 1. However, he fails to state how these requests were in accordance with agency regulations or requirements, or the status of his claims within the agency.

Third, a proper complaint brought under the Privacy Act

---

amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection; (B) refuses to comply with an individual request under subsection (d)(1) of this section; (C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or (D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection. 5 U.S.C. 522a(G).

must be brought against a specific agency, <u>not</u> an individual. <u>Reyes</u>, 834 F.2d at 1097 ("§ 522a authorizes suits only against 'agencies' and not individuals."). Comerford brings suit against two individual defendants, not the agencies themselves.

For the reasons stated above, Comerford's FOIA and Privacy Act claims are subject to dismissal.

III.    <u>The Military Whistleblower Protection Act Claim</u>

The Military Whistleblower Act prohibits retaliatory action against a member of the armed forces for communication with members of Congress or an Inspector General. 10 U.S.C. 1034. The Act allows the Inspector General, upon notification, to pursue a cause of action against the alleged violator. 10 U.S.C. 1034(c).[6] This Act does not allow for a private cause of action by an individual. <u>Acquisto v. U.S.</u>, 70 F.3d 1010, 1011 (8th Cir. 1995) ("We find it significant that Congress established only an administrative remedy under 10 U.S.C. § 1034[.] We deem this further evidence that Congress did not intend any private cause of action."); <u>Hernandez v. U.S.</u>, 38 Fed. Cl. 532, 536 (Fed. Cl. 1997) ("After close examination of

---

[6] (1) If a member of the armed forces submits to an Inspector General an allegation that a personnel action prohibited by subsection (b) has been taken (or threatened) against the member with respect to a communication described in paragraph (2), the Inspector General shall take the action required under paragraph (3). 10 U.S.C. 1034(c)

10

the statute's procedures and legislative history, the court agrees with *Acquisto's* sound reasoning that the statute affords members of the armed forces solely administrative remedies. Therefore, Plaintiff cannot file a claim in this court under the Military Whistleblower Protection statute, as no private cause of action exists.").

Following the rulings in Acquisto and Hernandez, the current action is subject to dismissal because the Military Whistleblower Act does not allow for a private cause of action.

IV. Claim preclusion

    A. This Court May Dismiss *Sua Sponte* on Preclusion Grounds Before Service

When conducting a Section 1915 screening, judges have discretion to raise affirmative defenses, including preclusion. Gleash v. Yuswak, 308 F.3d 758,760 (7th Cir. 2002). A judge may take such action if it is clear from the complaint that the action is frivolous. Id. ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss on preclusion grounds. It was sensible to stop the suit immediately, saving time and money for everyone concerned."). Id. at 760-761.

While preclusion is an affirmative defense, "if a court is on notice that it has previously decided the issue presented,

the court may dismiss the action *sua sponte*, even though the defense has not been raised.... This result is fully consistent with the policies underlying *res judicata*: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." U.S. v. Sioux Nation of Indians, 448 U.S. 371, 432 (1980) (citations omitted); In re Medomak Canning, 922 F.2d 895, 904 (1st Cir. 1990) (same).

For the reasons stated below, this action is subject to dismissal on preclusion grounds. This Court will not waste precious judicial time and resources hearing claims and issues that were previously litigated or previously should have been litigated. Therefore, Comerford must show cause as to why this claim should not be dismissed on preclusion grounds.

    B.    Comerford is Precluded from Bringing Suit

"The doctrine of *res judicata* bars all parties and their privies from relitigating issues which were raised or could have been raised in a previous action that has come to final judgment." U.S. v. Alkey Enterprises, Inc., 969 F.2d 1309, 1314 (1st Cir. 1992). Since Comerford's prior actions were heard by this Court, Federal preclusion doctrine applies to the present suit. Andrews-Clarke v. Lucent Technologies, Inc., 157 F. Supp. 2d 93, 99 (D. Mass. 2001) ("The *res judicata* analysis is governed by federal law since the original action was litigated

in this court."); accord In re Iannochino, 242 F.3d 36, 41 (1st Cir. 2001). See also Cooper v. Principi, 71 Fed. Appx. 73 (1st Cir. 2003) (addressing *res judicata* challenge by worker alleging retaliatory removal from Department of Veteran's Affairs for whistleblowing activity.)(unpublished opinion).

To establish claim preclusion three elements are necessary: "(1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suits; and (3) an identity of parties or privies in the two suits." Id. at 1311 (citations omitted).

### 1.   Final Judgment on the Merits

For preclusion to apply a final judgment on the merits must exist. Id. A voluntary dismissal with prejudice is deemed a final judgment, and therefore has preclusive effect. U.S. v. Cunan, 156 F.3d 110, 114 (1st Cir. 1998) (citations omitted); American Cyanamid Co. v. Capuano, 381 F.3d 6, 17 (1st Cir. 2003).

A settlement reached by the parties, in most cases, is deemed a final judgment on the merits. See Langton v. Hogan, 71 F.3d 930, 935 (1st Cir. 1995) ("[J]udgment that is entered with prejudice under the terms of a settlement, whether by stipulated dismissal, a consent judgment, or a confession of judgment, is not subject to collateral attack by a party or a person in privity, and it bars a second suit on the same claim or cause of

13

action.... Such a judgment has the force of *res judicata* until further order of that or a higher court modifying that consent judgment."); Hofmann v. Fermilab Nal/Ura, 205 F. Supp. 2d 900, 904 (N.D. Ill. 2002)("The court's order enforcing the settlement in the prior case is a final judgment."); Kurzweg v. Marple, 841 F.2d 635, 640-641 (5th Cir. 1988) ("Under the federal law of *res judicata*, a prior judgment rendered by a court of competent jurisdiction bars a subsequent cause of action between the same parties as to not only all matters litigated in the first suit, but also all matters that could have been litigated regarding the same cause of action.  The same principle applies to consent decrees.").

   Here, the Court has ruled that Comerford, despite his later assertions to the contrary, voluntarily settled and voluntarily dismissed two of his previous claims.  C.A. No. 97-11962-WGY; 99-11712-WGY Docket No. 62.  Comerford attempted to re-open both cases, and that request was denied.  See C.A. No. 97-11962-WGY (Docket Date, 12/9/98, 2/1/99, 3/19/99, 4/5/99); 99-11712-WGY (Docket Date 12/31/03).  Comerford appealed both cases and both were dismissed.  See USCA Nos. 99-1741 (97-11962-WGY appeal is time barred ); 04-2558 (99-11712-WGY appeal is time barred).

   At this juncture it is clear to this Court that this action by Comerford is an attempt to re-litigate claims that were, or should have been, brought in the previous actions.  Apparently

14

dissatisfied by the outcome of his prior cases, Comerford has attempted, through artful pleading, to raise the old issues anew.

Accordingly, Comerford must show cause why this Court should not consider those outcomes as final judgments invoking *res judicata*.

### 2. Identity of the Cause of Action

The proper test to determine whether there is an identity of the cause of action is "whether the facts underlying the claims are identical." A. Musto Co., Inc. v. Satran, 477 F. Supp. 1172, 1176 (D. Mass. 1979). This principal applies regardless of the type of remedy sought by the plaintiff. Id. ("Because the factual predicate of the claims asserted determines whether two claims are identical, the applicability of *res judicata* is not affected by the fact that the plaintiff's second claim might seek a different remedy or proceed under a different legal theory.").

The transactional approach adopted by this circuit asks whether the facts of both actions come from the same transaction or series of transactions. Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 38 (1st Cir. 1998) citing Apparel Art Intern., Inc. v. Amertex Enterprises Ltd., 48 F.3d 576, 583 (1st Cir. 1995). In determining this question courts ask "whether the facts are related in time,

space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." Aunyx Corp. v. Canon U.S.A., Inc., 978 F.2d 3, 7 (1st Cir. 1992) citing Restatement (Second) of Judgments § 24 (1982).

Using the transactional approach, it appears that the present action arises out of the same series of transactions as Comerford's prior cases. It is evident from viewing just a few of the former pleadings that they arise out of the same "nucleolus of operative facts". See Kale v. Combined Ins. Co. of America, 924 F.2d 1161, 1166 (1st Cir. 1991) ("if the claims ... were sufficiently related, that is, if they were founded upon the same transaction, arose out of the same nucleus of operative facts, and sought redress for essentially the same basic wrong, the two suits advanced the same cause of action.").

As previously stated, preclusion blocks litigation of claims actually brought, and claims that should have been brought by the plaintiff. See Alkey, 969 F.2d at 1314. Here, Comerford could and should have sought such relief in the former action, and therefore the action serves as a bar to the present claim. For these reasons, Comerford must show cause why the claim should not be dismissed.

### 3. Identity of the Parties

For preclusion to apply there must also be an identity of parties or privies in the two suits.  Alkey, 969 F.2d at 1311.  Additionally, "judgment in a suit between a party and a representative of the United States is *res judicata* in relitigation of the same issue between that party and another officer of the government....  The crucial point is whether or not in the earlier litigation the representative of the United States had authority to represent its interests in a final adjudication of the issue in controversy."  See Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-403 (1940) (citations omitted); accord U.S. v. Alky Enterprises, Inc., 969 F.2d 1309, 1312 (1st Cir. 1992).

First, Defendant Francis J. Harvey, the current Secretary of the Army, is in privity with the former Secretary.  Essentially, Comerford is bringing this action against the same party to the former action, unless he can show that the former Secretary had no authority to represent the interest of the United States in that matter.  See id.  However, this Court notes that if Comerford does in fact prove that the former Secretary had no authority, then it would follow that the current Secretary lacks the same power.

Second, Comerford's former actions involved claims against the Massachusetts National Guard, of which Defendant Steward is an officer.  Therefore, Comerford must show that these two

17

actors are not in privity for purposes of the present action.

IV.  <u>No Bivens Relief Available</u>

To the extent this Court could construe Comerford's claim as a <u>Bivens</u>[7] action for monetary damages against Defendant Steward, such a claim would fail in any event.  There is no <u>Bivens</u> remedy available for monetary damages for injuries that arise out of or in the course of activity incident to military service, including the National Guard. <u>See</u> <u>Wright v. Park</u>, 5 F.3d 586, 590 (1st Cir. 1993). (adverse employment action alleged by whistle-blowing National Guard air technician was not actionable under 42 U.S.C. §1983/<u>Bivens</u>; the same is true under kindred statutes, including the federal whistleblower statute; "We now join several of our sister circuits in accepting this bright-line rule as the definitive statement on the justiciability of civil rights claims in the military context, including the National Guard.")(Selya, J.) <u>clarified by</u> <u>Wigginton v. Centracchio</u>, 205 F.3d 504 (1st Cir., 2000)(action for reinstatement/injunctive relief is justiciable, notwithstanding an action for monetary damages is not).

Moreover, the claims against Defendant Steward would be barred by the three year statute of limitations applicable to

---

[7]<u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) (establishing cause of action enabling plaintiff to seek judicial relief against federal officers who allegedly violated his Fourth Amendment rights).

civil rights actions, since the wrongful conduct occurred in the 1990's; certainly prior to 2002, and Comerford appears to have been aware of the alleged misconduct prior to that time. Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 2001); Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991); Govan v. Trustees of Boston Univ., 66 F. Supp. 2d 74, 80 (D. Mass. 1999) (§ 1981, 1985).  Cf. Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004) (§§ 1981, 1983, and 1985 borrow the forum state's statute of limitations for personal injury claims); Mass. Gen. Laws ch. 260, § 2A (three-year statute of limitations for personal injury claims). Thus, this Court need not consider this cause of action further.

## CONCLUSION

For the reasons stated above, Plaintiff is ordered to show cause, within 35 days of this order, why this case should not be dismissed.

Dated: August 16, 2005    /s/ William G. Young
                          WILLIAM G. YOUNG
                          CHIEF, UNITED STATES DISTRICT JUDGE