UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Richard W. Comerford Pro Se
   Plaintiff,

v.                                                            C. A. No. 05-10439-WGY

Michael W. Steward et al
   Defendant,

SHOW CAUSE MEMORANDUM

Pursuant to the court's order dated 16 August 2005 plaintiff hereby shows cause why this case should not be dismissed.

BACKGROUND

Plaintiff hereby states under the penalty of perjury as attested by his signature below that the information under the heading titled "BACKGROUND" and continuing to and ending at the heading titled "DISCUSSION" is true to the best of his knowledge and memory as of the date of said signature.

Plaintiff became eligible for retirement from military active duty pursuant to 10 USC 3911 on or about October 1992.

Plaintiff was incapacitated in the line of duty ("ILD") while rescuing a comrade while serving on Active Guard and Reserve ("AGR") duty in the Massachusetts National Guard ("Guard") pursuant to 32 USC 502 (f) on or about August 1993.

After plaintiff was incapacitated ILD the Guard stopped his entitled active duty medical care and pay without due process or discharge from AGR duty.

Plaintiff initiated a complaint against the Guard with the U.S. Army Inspector General ("IG") on or around December 1994.

On or around January 1995 the Guard falsely accused plaintiff of purportedly collecting civilian employment pay.

Since 1993 the federal and State governments have refused to discharge plaintiff from AGR duty.

At the same time the governments have refused to provide plaintiff with entitled medical care and care.

During this same time period the governments have harassed plaintiff with baseless investigations for purportedly collecting civilian employment benefits.

Without a discharge certificate from AGR duty plaintiff cannot lawfully collect civilian employment, military retirement or VA benefits.

The government has placed plaintiff in a legal limbo and has reduced him to the status of a non-person in the very country he has spent his life serving.

Plaintiff is now a pauper.

## BACKGROUND: PAST LITIGATION

### Summary

The Court has locked plaintiff out of the judicial system for 8-years.

Plaintiff has filed about 10-cases pro se in USDC since 1997.

The honorable Chief Judge Young dismissed the first four cases without allowing plaintiff to represent himself, or to be represented by counsel, or even notifying plaintiff that the cases had been dismissed.

Judge Young then dismissed the next 6-cases under, purportedly, res judicata.

## DISCUSSION

### I. The Court May Not Screen This Action

#### A. Section 1915 Does Not Apply to Plaintiff Who Is Not A Prisoner

The Court wrote in part: "This Court may screen the Complaint filed by Comerford under 28 U.S.C. 1915". The word "screen" does not appear in Section 1915.

Also the Courts have found that Section 1915 applies only to prisoners. The Court in Spencer v United States wrote in part:

"Access to the courts is fundamental to our system of justice. The purpose of 28 U.S.C.§ 1915 is to provide meaningful access, not a barrier, to the indigent seeking relief in federal court since poverty should not make it impossible for a plaintiff to file a legitimate lawsuit. See Adkins v. E.I. Dupont de Nemours Co., 335 U.S. 331, 339 (1948) (finding that one need not "contribute to payment of costs, the last dollar they have or can get," in order to benefit from section 2 1915); see also In re Oliver, 682 F.2d 443, 446 (3d Cir. 1982) (finding that a court must protect the right of indigent persons to have access to the court system); Abdul-Akbar v. Dep't of Corrections, 910 F. Supp. 986, 998 (D. Del. 1995); Harlem River Consumers Coop., Inc. v. Associated Grocers of Harlem, Inc., 71 F.R.D. 93, 96 (S.D.N.Y. 1976)."

3

The Court in <u>Spencer</u> also wrote in part:

"A number of courts have reviewed the words of 28 U.S.C. § 1915(a)(1), regarding in forma pauperis applications by non-prisoner litigants in federal courts, and have concluded that Congress did not intend for non-prisoners to be barred from being able to proceed in forma pauperis in federal court. See Floyd v. United States Postal Serv., 105 F.3d 264, 275- 76 (6th Cir.), reh'g denied (1997); Schagene v. United States, 37 Fed. Cl. 661, 663 (1997) (finding that it was not the intent of Congress to eliminate the in forma pauperis right of access to federal courts of eligible, indigent, non-prisoners); see also In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997) (discussing how to administer in forma pauperis rights to a non-prisoner, thereby acknowledging the rights of non-prisoners to apply for in forma pauperis status); Leonard v. Lacy, 88 F.3d 181, 183 (2d Cir. 1996) (using "sic" following the word "prisoner" in 28 U.S.C. § 1915(a)(1) to indicate that the use of that word was inappropriate); Powell v. Hoover, 956 F. Supp. 564, 566 (1997) (holding that a "fair reading of the entire section [28 U.S.C. § 1915(a)(1)] is that it is not limited to prisoner suits.)."

The Court in Spencer further wrote in part:

"Moreover, 28 U.S.C. § 1915(a)(1) refers to both "person" and "prisoner." The word "person" is used three times in the subsection, while the word "prisoner" is

4

used only once. This court, therefore, finds that the single use of the word "prisoner" in the language of 23 U.S.C. § 1915(a)(1) was not intended to eliminate a non-prisoner from proceeding in federal court in forma pauperis, provided that the civil litigant can demonstrate appropriate need. Any other interpretation is inconsistent with the statutory scheme of 28 U.S.C. § 1915. Under section 1915(a), the court must decide whether a plaintiff seeking leave to proceed in forma pauperis is unable to pay the costs and fees associated with the lawsuit."

### "Prisoner"

A review of Section 1915 shows that the word "prisoner" appears no less then 14 times in the text: (Note boldface added)

> "by a person who submits an affidavit that includes a statement of all assets such **prisoner** possesses that the person is unable to pay such fees or give security therefor."
>
> "A **prisoner** seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor"
>
> "if a **prisoner** brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."

"the average monthly deposits to the **prisoner's** account; or ...
the average monthly balance in the **prisoner's** account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."

"After payment of the initial partial filing fee, the **prisoner** shall be required to make monthly payments of 20 percent of the preceding month's income credited to the **prisoner's** account."

"In no event shall a **prisoner** be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."

"the judgment against a **prisoner** includes the payment of costs under this subsection, the **prisoner** shall be required to pay the full amount of the costs ordered."

"The **prisoner** shall be required to make payments for costs under this subsection in the same manner as is provided for filing fees under subsection (a)(2)."

"In no event shall a **prisoner** bring a civil action or appeal a judgment in a civil action or proceeding under this section if the **prisoner** has, on 3 or more prior occasions,"

"As used in this section, the term "**prisoner**" means any person incarcerated or detained in any facility who is accused of,"

It is clear from the above that Section 1915 does not apply to a free man and that this court does not have the authority to screen plaintiff's complaint under said section.

B. Section 1915A Also Does Not Apply to Plaintiff

As mentioned above this Court incorrectly cited Section 1915 as authority to "screen" plaintiff's complaint. Section 1915A, from which plaintiff hereby quotes below, does grant this Court authority to screen a complaint – but only a prisoner's complaint:

"**(a) Screening.—** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for Dismissal.—** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
**(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
**(2)** seeks monetary relief from a defendant who is immune from such relief.
**(c) Definition.—** As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Clearly Section 1915A also does not give the Court authority to screen plaintiff's complaint.

Finally the Court cited <u>Heitzke v. Williams</u> and <u>Denton v Hernanadez</u> as case law to support its claim that it has authority pursuant to Section 1915 to screen plaintiff's complaint. However both cases involve plaintiff's who were prisoners.

## II <u>Freedom of Information and Privacy Act Claims</u>

### A. <u>Plaintiff Properly Seeks Relief Available Under the Freedom of Information Act ("FOIA")</u>

Plaintiff properly seeks injunctive relief under FOIA. As evidenced by his prayer for relief he has not petitioned this Court to award him damages. The case law cited by this Court allows this Court "to compel production of Agency records". <u>See Johnson v. Executive Office for U.S. Attorneys.</u>

### B. <u>Plaintiff Properly Seeks Relief Available Under the Privacy Act</u>

This Court wrote in part: "under the Privacy Act, one must exhaust his/her administrative remedies within a specific agency before seeking the type of judicial relief requested herein.

On or around January 2001 this Court remanded plaintiff's principal case to the ABCMR.

On or around November 2001 the ABCMR found: "The applicant has exhausted or the Board has waived the requirement for exhaustion of all administrative remedies

afforded by existing law or regulations." (See ABCMR Proceedings 15 November 2001.)

Plaintiff stated in the introduction to his complaint that he had applied to the ABCMR for correction of this matter but that it had "refused to address this matter in its 2001 recommendation to the Secretary".

### C. Plaintiff Can Sue Head of Agency Under the Privacy Act

This Court stated that plaintiff cannot sue under the Privacy Act because he did not name the agency as a defendant. However plaintiff did name the head of the agency as a defendant in his official capacity the head of the agency.

The courts have held that the head of an agency, if sued in his or her official capacity, can be a proper party defendant. See, e.g., Hampton, No. 93-0816, slip op. at 8, 10-11 (D.D.C. June 30, 1995); Jarrell v. Tisch, 656 F. Supp. 237, 238 (D.D.C. 1987); Diamond v. FBI, 532 F. Supp. 216, 219-20 (S.D.N.Y. 1981), aff'd, 707 F.2d 75 (2d Cir. 1983); Nemet v. Department of the Treasury, 446 F. Supp. 102, 106 (N.D. Ill. 1978); Rowe v. Tennessee, 431 F. Supp. 1257, 1264 (M.D. Tenn. 1977), vacated on other grounds, 609 F.2d 259 (6th Cir. 1979). Further, leave to amend a complaint to substitute a proper party defendant ordinarily is freely granted where the agency is on notice of the claim. See, e.g., Reyes v. Supervisor of DEA, 834 F.2d 1093, 1097 (1st Cir. 1987); Petrus, 833 F.2d at 583. But cf. Doe v. Rubin, No. 95-CV-75874, 1998 U.S. Dist. LEXIS 14755, at *9 (E.D. Mich. Aug. 10, 1998) (granting summary judgment for defendant where plaintiff had named Secretary of the Treasury as defendant and had filed no motion to amend).

### III. Plaintiff Is Not Pursuing A Private Cause of Action

This Court wrote in part: "this Act does not allow for a private cause of action by an individual". As mentioned above plaintiff is not seeking monetary damages from the defendants. Plaintiff did not state that he is pursuing a private cause of action under 10 USC 1034.

### B. There Has Not Been A Final DOD Decision

However there is an avenue for a private cause of action if DOD has not issued a final decision.

DOD has not yet issued a final decision.

The DOD IG referred plaintiff's case to the ABCMR as a "military whistleblower" on or around 1998.

The ABCMR did not address plaintiff's military whistleblower claims in its 2001 finding.

Writing in the October 1998 issue of the Army Lawyer *Deputy Judge Advocate Major Daniel A. Lauretano wrote in part*:

"Several complainants have unsuccessfully used a provision within the MWPA to argue that a private right of action exists. Specifically, 10 U.S.C.A. § 1034(f)(4) provides that, "if the Secretary fails to issue a final decision . . . the member or former member shall be deemed to have exhausted the member's or former member's administrative remedies under Section 1552 of this title." See Hernandez v. United States, 38 Fed. Cl. 532, 534 (1997); Acquisto v. United States, 70 F.3d 1010, 1011 (8th Cir. 1995); Alasevich v. United States Air Force Reserve, No. 95-CV-2572, 1997 WL 152816 (E.D. Pa. Mar. 26,

1997). In *Alasevich,* the court dismissed an airman's suit that sought monetary damages for reprisals. The court held that 10 U.S.C.A. § 1034 did not provide a private cause of action. *Alasevich*, 1997WL 152816 at *10. **Although these cases were filed after the DOD issued a final decision, complainants may have a federal cause of action where the agency fails to issue a final decision.** (Note boldface added) " See paragraph No. 84.

### IV.   Claim Preclusion

A.   This Court May Not Dismiss Sua Sponte on Preclusion Grounds before Service

This Court wrote in part: "When conducting a Section 1915 screening, judges have discretion to raise affirmative preclusions. Gleash v. Yuswak." However Gleash did not concern a claim preclusion made by a Court under Section 1915 against a free man. It involved a claim of preclusion made by one party against another. Also in case law there is reluctance by the Courts to rush to approve such claims.

1. The Court in ITOFCA, INC., v. MEGATRANS LOGISTICS, INC., commented on Gleash:

"In order to ensure that the appropriate balance is maintained between these two important policy concerns, the courts have developed various controls on the use of claim preclusion to ensure that its use adequately serves both concerns for judicial efficiency and concerns for fairness to the litigants. Among those controls is the rule that res judicata is an affirmative defense; thus MegaTrans "has the burden of establishing that res judicata . . . ought to bar" ITOFCA's infringement action. *Kulavic v. Chi. & Illinois Midland Ry. Co.*, 1 F.3d 507, 517 (7th Cir. 1993) (noting that "the burden of establishing preclusion is placed on the party claiming it," *id.* at 517 n.6 (internal quotation marks and citations omitted));
*Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) (noting that claim preclusion is an affirmative defense). When, as here, the issue is decided on summary judgment, the party with the burden of proof, here MegaTrans, must establish each element of claim preclusion as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Thorsteinsson v. M/V Drangur*, 891 F.2d 1547, 1551 (11th Cir. 1990) ("In accordance with *Celotex*, then, and to uphold the summary judgment entered by the district court, the [defendant] needs to have established as a matter of law that the [prior] judgment bars plaintiffs appellants' claims . . . ."). Moreover, as noted by many courts, "[d]oubts are

10

resolved against preclusion." *In re Associated Vintage Group, Inc.*, 283 B.R. 549, 562 (B.A.P. 9th Cir. 2002) (citing *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)).₁ As stated by the Second Circuit, "although the principles of *res judicata* should not be frugally applied, a reasonable doubt as to what was decided in the first action should preclude the drastic remedy of foreclosing a party from litigating an essential issue." *McNellis v. First Fed. Sav. & Loan Ass'n of Rochester*, 364 F.2d 251, 257 (2d Cir. 1966) (internal citations omitted) (finding that lower court's disposition concerning a supplemental complaint was "ambiguous" and thus refusing to apply claim preclusion or action based on same transaction as that in supplemental complaint)."

From the above it is clear that neither Section 1915 nor Gleash applies to this case.

### 2. U.S. v. Sioux Nation of Indians, 488 U.S. 371, 432 (1980)

The Court in Sioux Nation did not address the Section 1915 matter.

It wrote in part: "While res judicata is a defense which can be waived, see Fed. Rule Civ. Proc. 8 (c), if a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte".

However as demonstrated below the Court has not made a final decision in this matter.

### 3. Medomak Canning, 922 F.2d 835, 904

The Court in Medomak Canning also did not address the Section 1915 matter.

Finally as mentioned above plaintiff is not a prisoner and this Court does not have the authority to screen his complaint pursuant to Section 1915.

### B. Plaintiff Is Not Precluded from Bringing Suit

On or about 30 October 2001 this Court ruled that plaintiff was pro se in the consolidated action numbered 00-11671-WGY.

11

No attorney made an appearance on behalf of plaintiff in this or any other action after 30 October 2001.

The Court has never notified plaintiff after 30 October 2001 that it had dismissed the consolidated action numbered 99-11712/00-11671/01-11671.

Plaintiff is entitled to his Constitutional protected right of due process in this matter.

1. Final Judgment on the Merits

The Court's last action did not settle the rights of the parties and did not dispose of all issues in the controversy.

As mentioned above Judge Young, without notifying plaintiff, referred this matter in 2002 to a U.S. Army Board ("ABCMR").

The ABCMR under statute (10 USC 1552) and regulation (AR 185-15) does not have authority over a State National Guard.

As evidenced by the ABCMR's own record it refused to even accept this matter or to open a case on plaintiff pursuant to the terms of the purported settlement agreement..

Plaintiff is free to pursue this matter in the Courts.

2. Identity of the Cause of Action and Identity of the Parties

The Court states that plaintiff did not properly identity of the cause of action and identity of the parties. If this is the case then plaintiff hereby moves the Court to rewrite the complaint. *See attached motion.*

3.  Bivens Relief Available

Plaintiff is not seeking monetary damages against Defendant Steward. He is seeking declaratory relief.

Moreover plaintiff was not in the Guard when Defendant Steward purportedly established probable cause.

Moreover the claims against Defendant Steward are not time barred by the three year statue of limitations applicable to civil rights actions.

As evidenced by the record the government did not inform plaintiff that Defendant Steward had purportedly established probable cause against plaintiff until on or around 22 March 2002. *See U.S. Army Crime Records Center file FP02-0511.*

Plaintiff filed the instant action on or around 27 February 2005 within the three year statue of limitations.

C.  Defendant Steward is an officer of the U.S. Army – Not the Guard.

The Court wrote in part: "Second, Comerford's former actions involved claims against the Massachusetts National Guard, of which Defendant Steward is an officer." *Defendant Steward is an officer of the U.S. Department of the Army. He is not an officer of the Massachusetts National Guard.*

CONCLUSION

I.  Summary

13

### This Court May Not Screen this Action - Plaintiff Is Not A Prisoner

For the reasons cited above this Court may not screen this action under Title 28, Section 1915 U.S.C. However under Section 1915: "The court may request an attorney to represent any person unable to afford counsel." The court should request an attorney to represent plaintiff.

## II. Recommendations

### A. Rule 15 of the Federal Rules of Civil Procedure

Pursuant to the above cited rule plaintiff has the right to amend his complaint. This Court should allow him to do so.

### B. Motion to Amend

Plaintiff also hereby attaches his motion to amend his complaint.

## III. Conclusions

For the reasons stated above this case should not be dismissed.

Respectfully submitted;

Richard W. Comerford Pro See
9 Speedwell Lane
Plymouth, Massachusetts 02360
(508) 833-9396

Dated: 23 September 2005