UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
RICHARD W. COMERFORD,                      )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )
                                           )        C.A. No. 99-11712-WGY
THE UNITED STATES DEPARTMENT OF            )        C.A. No. 05-10439-WGY
DEFENSE, SECRETARY OF THE ARMY,            )        C.A. No. 05-11731-WGY
ARMY BOARD FOR CORRECTION OF               )        C.A. No. 05-11776-WGY
MILITARY RECORDS, et al.,                  )        C.A. NO. 05-11399-WGY
                                           )
        Defendants.                        )
_____)

**REPORT TO THE COURT**

Defendants hereby submit this Report following the Court's October 17, 2005, Order.

1.    At a status conference on November 1, 2004, the Court ordered plaintiff to submit to a physical examination within thirty days.  He did not do so.  More recently, at an October 17, 2005, status conference, the Court again ordered plaintiff to submit to a physical examination and the defendants to arrange for a physical examination within thirty days at a place within the District of Massachusetts that was not under the control of the Massachusetts National Guard (because plaintiff asserted he would be arrested by the Guard if he went onto Camp Edwards).

2.    Defendant first obtained the agreement of an Air Force doctor at Hanscom AFB to perform the examination, and so informed plaintiff by certified letter, directing him to call to set up an appointment and to bring with him the medical records forwarded to plaintiff in 2004.  Army counsel subsequently was advised that the Air Force physician would not do the exam after all. (There is no active Army Post in Massachusetts, and so Army Counsel had to prevail upon another service to perform the physical as a courtesy.)

3.    Defendant was able to arrange for the examination to be conducted by the Commander of the Medical facility at the Coast Guard base in Boston, on the same date plaintiff had chosen for the exam at Hanscom AFB (November 8, 2005), albeit at an earlier time.  Defendant so informed plaintiff by telephone call and certified letter.

4.    Between October 17 and November 4, 2005, plaintiff sent a series of ten letters to counsel, and left two voicemail messages, raising a multitude of objections and obstacles to the physical examination.  <u>See</u> Exhibits 1 through 10, attached hereto.

5.    In the meantime, on November 7, 2005, plaintiff apparently faxed to the "Office of the Inspector General, Walter Reed Army Medical Center" in Washington D.C. a letter requesting that his physical take place at Walter Reed, instead of in Massachusetts, and that his case be referred to a Medical Evaluation Board.  <u>See</u> Exhibit 11, attached hereto.

6.    On November 8 plaintiff did go to the Coast Guard post and medical clinic for his scheduled appointment.   As shown by the attached Declaration of Commander Katherine Mulligan, Chief of Health Services at ISC Boston Medical Clinic at the Coast Guard post in Boston, plaintiff did not cooperate with the examination.  Instead, he refused to complete the forms the staff gave him, and accused them of fraud.  Moreover, while insisting that he was "submitting" to the exam, he spent more than two hours arguing with the Doctor, raising legal and administrative challenges that were not relevant to the physical, suggesting she would be committing fraud if she did the exam, telling her that she should refuse to see him and implying there would be legal action against her if she did not refuse, and ultimately displaying body language that made the Commander and her Corpsman uncomfortable about her safety.   She terminated the exam after more than two hours of this arguing, and had Mr. Comerford escorted off the post.

6.    Instead of simply appearing for and cooperating with the physical examination ordered by the Court, plaintiff obstructed the exam, first by raising a series of objections, demands, and accusations, including a last-minute request faxed to Washington, D.C. asking to be examined at Walter Reed, and then by arguing with and challenging the doctor who had agreed to perform the physical, and not letting her perform the exam.

Respectfully submitted,

MICHAEL J. SULLIVAN,
United States Attorney

Dated: 10 November 2005

By:  /s/ Barbara Healy Smith
Barbara Healy Smith
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3100

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon plaintiff a copy of the foregoing Report by certified United States mail.

_/s/ Barbara Healy Smith_____

10 November 2005                          Barbara Healy Smith
                                         Assistant United States Attorney

EXHIBIT 1

Barbara Healy Smith
United States Attorney's Office
United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

RECEIVED
U.S. ATTORNEY

05 OCT 24 PM 4: 15

17 October 2005

RE: <u>Comerford v. Steward et al 05-10439-WGY</u>

By First Class Mail

Dear Ms. Healy Smith:

<u>Medical Exam</u>

Pursuant to the Court's order this date in the above captioned case I hereby request a copy of the medical duty review board's ("MDRB") records of my case to include all files, records and documents both written and electronic; formal and informal and summaries of all material telephone conversations.

Also I hereby request a copy of the subsequent medical evaluation and physical evaluation boards' ("MEB/PEB") records of my case to include all files, records and documents written and electronic; formal and informal and summaries of all material telephone conversations.

I hereby enclose the following documents taken from the official record to assist you in responding to my request.

I hereby state under the penalty of perjury that the following enclosed documents are true copies to the best of my knowledge as of the date of said signature.

Enclosure-1: MAAR-HD Memo dated 18 March 1997; subject: request medical duty review board for MAJ Comerford.

Enclosure-2: Comerford letter dated 20 March 1997; subject: request for notification.

Enclosure-3: Elbthal Letter dated 20 March 1997; subject: Drill Status

Enclosure-4: Comerford Letter dated 21 March 1997

Enclosure-5: Murray Memo 11 April 1997

Enclosure-6: MAAR-PER-SG Memo 25 April 1997; subject: request physician referral to an Medical Evaluation Board

Clearly, as evidenced by the above enclosures, the MDRB took place. Pursuant to Army Regulations 40-3, 40-501 and 135-381 I am entitled to a copy of the MDRB proceedings. Also, pursuant to the aforementioned regulations the MDRB proceedings and the subsequent MEB/PEB proceedings take precedence over any other military authority concerning the medical disposition of my case.

I hereby request that the above cited medical boards' records be provided to me prior to the court ordered medical exam in the above captioned case.

If the above cited medical boards' records do not exist then I hereby request to be so notified in writing. I also hereby request a written explanation as to why the above cited medical boards' records do not exist.

<u>Forthcoming Medical Exam</u>

In your letter to me dated 15 September 2005 you purport "you have been released from active duty as of April 17, 1994.

In its 2001 proceedings the ABCMR stated that the purpose of the exam was to determine if I was fit for retention in the Reserve because "he needs only 8 more qualifying months to reach the required 20 years" (See paragraph 13, page 18). However I had qualified for 20 years service in 1995 and have received my so-called "twenty year letter":

Enclosure-7 ARPC-PSP-T Memo 19 June 2002; subject: Twenty Year Letter

There appears to be no reason for this exam other then to satisfy the egos of government lawyers and ABCMR bureaucrats. I hereby request that you explain to me in plain simple English the purpose of this exam.

<u>ABCMR</u>

During the status conference this date the court appeared to ask you that if I submitted to a medical examination would the ABCMR then be able to respond to my requests for relief. You answered in the affirmative.

However on or about 18 June 2003 the ABCMR staff director informed me: "The ABCMR does not have a case open on you at this time"

Also on or about 25 January 2005 Rick A. Schweigert wrote to me and stated: "you refused to file a DD Form 149 (Application for Correction of Military Record) to appeal the Board's decision. Consequently, your alternative for seeking relief appears to be in a federal court of competent jurisdiction"

2

Further on or around 19 July 2005 the Mr. Chum wrote me in part: "this Board can direct correction of Federal records and make recommendations to the Army National Guard as pertains to the State records".

As evidenced by the record the fraudulent, purported settlement agreement in the consolidated actions numbered 99-11712-WGY & 00-11671-WGY & 01-11364-WGY signed by yourself and my purported attorney Eric S. Maxwell called for Mr. Maxwell to apply to the ABCMR to appeal its 2001 decision. I have received pursuant to my lawful FOIA request a copy of the ABCMR record of my case. Mr. Maxwell did not apply to the ABCMR and the ABCMR did not open a case on me in violation of the purported settlement agreement.

Moreover, as evidenced by the record after the statutory 10-months for the ABCMR to complete its final actions on Mr. Maxwell's purported appeal had elapsed I submitted my own appeal pro se. The ABCMR also refused to accept my pro se appeal.

It appears that the government in addition to committing fraud on the court failed to abide with its own fraudulent settlement agreement.

Because of the government's fraudulent actions the ABCMR does not have an appeal from me currently before it. Also the three year statutory time limit on applications has elapsed. Even if it did have an appeal before it pursuant to statute 10 USC 1552 then it could not provide relief to a soldier in the National Guard.

I hereby request that you clarify this matter in writing in plain English. Did you miss-speak to the Court today? When I in fact submit to the medical exam will the ABCMR consider my complaint without my application currently before it and after the three year application time limit has expired? Can the ABCMR direct the Massachusetts National Guard to correct its records on my case? Are Messrs. Chun and Schweigert correct when they write: "your alternative for seeking relief appears to be in a federal court of competent jurisdiction"?

<u>Distribution of the Results of the Forthcoming Medical Exam</u>

You purport that I have been discharged from active duty as of 1994. The government also purports that I have been retired from the Reserve. Further because of your failure to comply with your own fraudulent, purported settlement agreement there is no case open on my claims before the ABCMR. Based on these misrepresentations by the government it would appear that I will undergo the forthcoming medical exam as a private citizen and not as a member of the armed forces.

The results of the medical exam are therefore private and privileged information and I expect said results to be treated as such.

If you wish to share the results with any government agency other than the court than I expect the government to sign an agreement with me concerning which agencies and under what conditions and for what reason will receive said results.

Credit for AGR Service

I have this date received from the U.S. Army Reserve a summary of the purported military service that I have been credited for in terms of retirement purposes. In violation of the Secretary of the Army's order of November 2001 I have not been credited for my AGR service. I believe that this is because you and Mr. Chun have disregarded the Secretary of the Army's order and on your own authority purportedly discharged me from ADT pursuant to 32 USC 505. This is fraud on both your part and also on Mr. Chun's part. I also suspect that it is deliberate retaliation against a military whistleblower. I demand that you withdraw your fraudulent DD Form 214 forthwith and properly credit me for my AGR Service pursuant to the Secretary's order.

Very truly yours;

Richard W. Comerford Pro Se
9 Speedwell Lane Plymouth
Massachusetts 02360
(508) 833-9396

Enclosures

Smith-3

EXHIBIT 2

Barbara Healy Smith
United States Attorney's Office
United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

RECEIVED
U.S. ATTORNEY

05 OCT 24  PM 4: 16

19 October 2005

RE: <u>Comerford v. Steward et al 05-10439-WGY</u>

By First Class Mail

Ms. Healy Smith:

I am in receipt of your letter dated 18 October 2005 subject: <u>Comerford v U.S. Department of Defense.</u>

In said letter you wrote in part: "To set up the appointment you should call..." I have made an appointment. However, as I do not have a military ID card, the Air Force has informed me that they do not know how I am going to get on base. If you corrupt government bureaucrats had not unlawfully fabricated a fraudulent DD Form 214 and placed it in the record then an ID card could have been issued to me and I could have safely and easily entered any military installation including Camp Edwards. It is your responsibility to get me on base. Lies have a habit of catching up with people.

Does not federal law prohibit the U.S. Department of Justice from perpetrating fraud?

You also wrote in part: You should bring with you medical records, which were sent to you last summer". The Air Force informed me that my medical records were going to be faxed to them. However they did not mention the most important records – the medical boards' records. I have repeatedly requested from you the records of the medical duty review, medical evaluation and physical evaluation boards which pursuant to U.S. Army Regulations 40-3, 40-501 and 135-38 are required for a military medical evaluation. I cannot receive a fair and proper evaluation without them. Again, it is your responsibility to get them. Without them there is no medical evaluation.

Very truly yours;

Richard W. Comerford Pro Se
9 Speedwell Lane Plymouth
Massachusetts 02360
(508) 833-9396

Smith-4

1 P P.

EXHIBIT 3

Barbara Healy Smith
United States Attorney's Office
United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

RECEIVED
U.S. ATTORNEY

05 OCT 28 PM 3: 14

25 October 2005

RE: Comerford v. Steward et al 05-10439-WGY

By First Class Mail

Ms. Healy Smith:

I am in receipt of your letter dated 18 October 2005 subject: Comerford v U.S.
Department of Defense.

In said letter you instructed in part to set up an appointment at Hanscom Air Force Base
for a medical examination pursuant to the Court's recent order.

I made an appointment for said medical examination for 8 November 2005

Be advised that I was contacted this date by Hanscom Air Force Base. I was told by Paula
Mystery that the appointment had been cancelled. Ms. Mystery also told me that the Air
Force would not examine me.

As evidenced by the record I have not received a proper military medical examination
pursuant to U.S. Army Regulations 40-3, 40-501 and 135-381 since I was injured in the
line of duty in 1993.

I am bewildered that the U.S. government after 8-years of litigation and a court order
cannot seem manage to organize one medical examination for one old soldier.

Very truly yours;

Richard W. Comerford Pro Se
9 Speedwell Lane Plymouth
Massachusetts 02360
(508) 833-9396

Smith-5

EXHIBIT 4

Barbara Healy Smith
United States Attorney's Office
United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

RECEIVED
U.S. ATTORNEY

05 OCT 31  PM 4: 34

25 October 2005

RE: <u>Comerford v. Steward et al 05-10439-WGY</u>

By First Class Mail

Ms. Healy Smith:

I have received two telephone calls this date concerning the Court's recently ordered
medical examination.

You telephoned and informed me that the medical examination scheduled for 1400 hours
on 8 November 2005 at Hanscom Air Force Base had been cancelled. You said that the
examination had been moved to the U.S. Coast Guard base in Boson at 0800 hours on 8
November 2005. I told you that I had to drive my wife to work at 0900 hours on 8
November 2005. I could not be present for a 0800 hours appointment.

I also received a telephone call from Air Force LTC Gale Skousen M.D. He told me that
after reviewing the record and consulting with legal counsel he had determined that the
examination should be conducted by a U.S. Army medical doctor. He indicated that the
Air Force would host a U.S. Army medical doctor at Hanscom AFB.

As you know on or about 15 November 2001 the Army Board Correction Military
Records ("ABCMR") recommended to the Secretary of the Army that I be referred to a
military medical facility for "a medical examination for determination of his fitness as
prescribed by the Office of the Command Surgeon, Army Reserve Personnel Command".
The purpose for said medical examination was that I purportedly needed "only 8 more
qualifying months to reach the required 20-years…for retired pay at age 60". However as
evidenced by the record I had qualified for retired pay at age 60 and I subsequently
received a so-called "Twenty Year Letter".

There appears to be no reason to waste the taxpayers' dollars on a medical examination if
the purpose of said examination is to purportedly determine my fitness for retention in the
Army Reserve since I have already been discharged and retired from the Army Reserve.
However I will be happy to submit to the medical exam directed by the ABCMR and
ordered by the Court – if at the Coast Guard Base I will undergo "a medical examination
for determination of his fitness as prescribed by the Office of the Command Surgeon,
Army Reserve Personnel Command".

Will I undergo "a medical examination for determination of my fitness as prescribed by the Office of the Command Surgeon, Army Reserve Personnel Command at the Boston Coast Guard case on 8 November 2005? Is a Coast Guard clinic "a military medical facility"? As you know the Coast Guard is not part of the U.S. Department of Defense. Will a U.S. Army medical doctor be present to administer the medical examination pursuant to U.S. Army Regulations 40-3, 40-501 and 135-381? If a U.S. Army medical doctor is not present to conduct a Army U.S. medical examination can a Coast Guard medical doctor conduct a U.S. Army medical examination to determine my fitness for retention in the U.S. Army Reserve after the U.S. Army has discharged and retired me from its Reserve? If the Coast Guard conducts an Army medical examination will the government be in compliance with the court's order?

I hereby request and demand that you answer in full the above cited questions before the medical examination scheduled for 8 November 2005.

I also hereby remind you that pursuant to the above cited U.S. Army Regulations that the examining medical doctor must have a copy of the proceedings and records from prior medical duty review, medical evaluation and physical evaluation boards. Under said U.S. Army Regulations it is the above cited medical boards that advise the medical treatment facility ("MTF") commander concerning the final disposition of a patient's case. Also pursuant to said U.S. Army Regulations it is the MTF commander who holds the final authority for the disposition of a patient's case.

As evidenced by the record in 1997 a medical duty review board found me not medically fit for continued service and referred me for further medical evaluation for a possible medical retirement. I suspect that your refusal to properly provide both I and the examining medical doctor with a copy of the above cited medical boards' proceedings is because the government does not like the findings and recommendations of the medical boards.

If you continue to withhold the medical boards' proceedings then you are committing fraud in your personal capacity. If corrupt bureaucrats have already destroyed the medical boards' records then you must state so in writing so that the examining medical doctor will know how to proceed.

The court ordered you to comply with my request for a copy of the medical board records. I expect you to comply with the court's order.

Very truly yours;

Richard W. Comerford Pro Se
9 Speedwell Lane Plymouth
Massachusetts 02360
(508) 833-9396

Smith-6

2

EXHIBIT 5

Barbara Healy Smith
United States Attorney's Office
United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

RECEIVED
U.S. ATTORNEY

05 OCT 31  PM 4: 35

29 October 2005

RE: <u>Comerford v. Steward et al 05-10439-WGY – 0800 hours appointment</u>

By First Class Mail

Ms. Healy Smith:

I am in receipt of your letter dated 27 October 2005. Your letter concerned in part a
medical examination. In said letter you wrote in part: "You should plan to arrive there on
November 8, 2005 no later than 9 am (they would normally start earlier; they are willing
to accommodate your request to start later than 8:00 am, but 9:00 am is the latest possible
time")"

You perhaps did not read my correspondence to you on this matter dated 25 October
2005(Enclosure) in which I wrote in part: "I told you that I had to drive my wife to work
at 0900 hours on 8 November 2005. I cannot be present for a 0800 hours appointment". If
I am in Plymouth, Massachusetts at 0900 hours on 8 November 2005 then how can I also
be in Boston at 0900 hours on 8 November 2005? I normally plan 2 ½ hours to drive into
Boston on a work day when I go the District Court. It appears from the map you sent me
that the Coast Guard base is near the Court house. If you insist on making the
appointment for me then make it no earlier then 1130 hours.

I had made an appointment in good faith pursuant to the Court's recent order and your
request for 1400 hours on 8 November 2005 at Hanscom AFB. The United States then
took it upon itself to cancel the appointment at Hanscom AFB and switch it to the Coast
Guard Base for 0800 hours without deigning to consult with me. It appears that the
United States has a problem with inter-department coordination. Write to me when you
have it straightened out.

Very truly yours;

Richard W. Comerford Pro Se
9 Speedwell Lane Plymouth
Massachusetts 02360
(508) 833-9396

Smith-7

EXHIBIT 6

Barbara Healy Smith
United States Attorney's Office
United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210



30 October 2005

RE: <u>Comerford v. Steward et al 05-10439-WGY – Standards and M.D. for Medical Examination</u>

By First Class Mail

Ms. Healy Smith:

I am in receipt of your letter dated 27 October 2005. Your letter concerned in part a medical examination. In said letter you wrote in part: "Dr. Skousen at Hanscom AFB will not after all perform your physical exam…The examination will be conducted at the Coast Guard base".

However LTC Skousen who consulted with U.S. Department of the Air Force legal counsel informed me that a medical examination for determination of my fitness for duty as prescribed by the Office of the Command Surgeon, Army Reserve Personnel Command should be performed by a U.S. Department of the Army medical doctor. LTC Skousen offered to host a U.S. Department of the Army medical doctor at his facility at Hanscom AFB.

I assume that a U.S. Department of the Army medical doctor will conduct the examination for determination of my fitness for duty as prescribed by the Office of the Command Surgeon, Army Reserve Personnel Command at the Coast Guard base.

As you know on or about 15 November 2001 the Army Board Correction Military Records ("ABCMR") recommended: "That all of the Department of Army records related to this case be corrected by referral of the individual to a military medical facility for a medical examination for determination of my fitness for duty as prescribed by the Office of the Command Surgeon, Army Reserve Personnel Command". The ABCMR recommendation was approved by its Chairperson and the Assistant Secretary of the Army. Pursuant to Section 1552 of Title 10 of the United States Code it is binding on all U.S. Army Officers and officials.

I hereby request that you confirm that the medical examination for determination of my fitness for duty will be conducted by a U.S. Department of the Army medical doctor as prescribed by the Office of the Command Surgeon, Army Reserve Personnel Command.

I also hereby request that you provide me with the name of the U.S. Department of the Army medical doctor and a copy of the standards prescribed by the Office of the

Command Surgeon, Army Reserve Personnel Command for the medical examination for determination of my fitness for duty.

I hereby further request that you cite for me the statutory and regulatory authority that the Office of the Command Surgeon, Army Reserve Personnel Command will be using for prescribing the medical examination for determination of my fitness for duty.

Finally I request that you respond to my requests in writing prior to the date of said medical examination for determination of my fitness for duty.

My requests are made pursuant to Sections 552 and 552a of Title 10 of the United States Code and the Massachusetts Patient Bill of Rights pursuant to Chapter 111 of the General Laws and U.S. Department of Defense Directive Number 6000.14 and Chapter 55 of Title 10 of the United States Code.

I hereby demand that if you intend to ignore the law as usual and have me examined by a medical doctor who is not a member of the U.S. Department of the Army and who will not follow the standards as prescribed by the Office of the Command Surgeon, Army Reserve Personnel Command that you inform me in writing forthwith.

Very truly yours;

Richard W. Comerford Pro Se
9 Speedwell Lane Plymouth
Massachusetts 02360
(508) 833-9396

Smith-8

2

EXHIBIT 7

Barbara Healy Smith
United States Attorney's Office
United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

RECEIVED
U.S. ATTORNEY

05 NOV -3 PM 4: 14

30 October 2005

RE: <u>Comerford v. Steward et al 05-10439-WGY – Records of the 1997 medical duty review board ("MDRB"), medical evaluation board ("MEB") and physical evaluation board ("PEB")</u>

By First Class Mail

Ms. Healy Smith:

I am in receipt of your letter dated 27 October 2005. Your letter concerned in part a refusal of my request to provide me with a copy of the records from the above captioned MDRB, MEB and PEB.

You wrote in part: "You also raised then the issue of not being able to proceed without receiving records of board or other proceedings; the Court observed at the status conference on November 1, 2004, that you had been given everything you needed to get the physical. That has not changed".

I do not believe you. I hereby request pursuant to the Freedom of Information Act 5 USC 552 a copy of that portion of any document in your possession that quotes the Court making the above statement.

Moreover I do not think that any responsible military medical doctor in his right mind will make a fitness for retention decision without a copy of previous medical boards' findings – especially a finding of "not medically fit for continued service".

If a military medical doctor refuses to examine me to determine if I am fitness for retention in the U.S. Army because you will not release the findings and proceedings of relevant medical boards then it will be your job to explain why to Judge Young.

Very truly yours;

Richard W. Comerford Pro Se
9 Speedwell Lane Plymouth
Massachusetts 02360
(508) 833-9396

Smith-9

EXHIBIT 8

Barbara Healy Smith
United States Attorney's Office
United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210



1 November 2005

RE: <u>Comerford v. Steward et al 05-10439-WGY – Standards and M.D. for Medical
Examination</u>

By First Class Mail

Ms. Healy Smith:

I am in receipt of your letter dated 31 October 2005.

In said letter you wrote in part: "Based on your earlier request to have the appointment
start as late as possible, it was already moved from 8:00 to 9:00 Am; but I am afraid 9:
am is the latest that it can begin".

*This is not true. I scheduled the original appointment for 1400 on 8 November 2005 for a
reason. You took it upon yourself, without consulting me to reschedule it, for 0800 on 8
November 2005. I called Coast Guard medical facility. They have conducted exams in the
past starting after 1200 hours.*

In said letter you also wrote in part: "The United States Coast Guard medical facility
Commander in Boston was good enough to agree to conduct the physical on the same day
you had scheduled the appointment at Hanscom."

*Be advised I telephoned the United States Coast Guard medical facility administrator on
Monday 31 October 2005 concerning the alleged appointment. He informed me that this
was the first thing he had heard about it. Apparently there is no appointment.*

In said letter you also wrote in part: "When we tried to set up this appointment in the
summer of 2004, you insisted the physical exam take place within Massachusetts for your
convenience, and so we could not schedule it at Walter Reed".

*This is not true. As evidenced by the record I wrote to you on 21 June 2004 in part: "I
request that the government arrange said examination forthwith. I am a pauper. I cannot
bear any expense of said examination" See Enclosure.*

In said letter you also wrote in part: "You then refused to have the physical".

*I did not refuse to have the physical. You refused and still refuse to surrender a copy of
the 1997 medical boards' proceedings. Pursuant to U.S. Army Regulations 40-3, 40-501*

and 135-381 and Chapter 55 of Title 10 of the U.S. Code a fitness for retention exam and decision cannot be conducted and made without the findings and proceedings of the related medical boards.

In said letter you also wrote in part: ""you don't want to go to Camp Edwards at all, because if you did you will be arrested by the Army".

*This is not true. As evidenced by the court record I fear arrest by the National Guard, Camp Edwards is a National Guard facility, which purports that I am AWOL and that I purportedly stole over $105,000.00. I told you that I would go to Camp Edwards if you provided an escort from the DOD police stationed there. You declined to do so.*

In said letter you also wrote in part: "The Court ordered the Army to find another location within Massachusetts"

*This is not true. The Court did not mention the Army in its order. It mentioned you. The Justice Department is the party dragging its feet in this matter because you have committed serial fraud on the court. If you were serious and in good faith you would just move the court for leave to hold the exam at Walter Reed Army Medical Center.*

In said letter you also wrote in part: "There is no Army Post in Massachusetts, and so the Army must prevail upon another Service to perform the physical as a courtesy"

*This is not true. There is an "Army Post in Massachusetts" with a medical facility and Army medical doctors– U.S. Army Laboratories in Natick. There is also still a U.S. Army garrison at old Fort Devens in Ayer.*

In said letter you also wrote in part: "Moreover, there are far fewer active duty doctors stateside at present due to the war in Iraq."

*This is not true. The U.S. Department of the Army has either downsized or eliminated  its forces outside the Continental U.S. in such places as Germany, Korea and Panama; and it has increased the number of Reserve medical doctors on active duty that it now has more active duty doctors stateside.*

In said letter you also wrote in part: "as you know the Air Force physician at Hanscom AFB cannot do the exam after all".

*This is an incomplete and misleading statement. The Air Force physician at Hanscom AFB said that after consulting with Air Force counsel he could not conduct a fitness for retention exam for a soldier in the Army. He did say that he would host an Army physician to do the exam or, failing that, there were funds available within the U.S. Department of Defense to send me to Walter Reed Army Medical Center.*

Pursuant to the above cited statue and regulations a fitness for retention exam for a service member must be conducted according to the member's own service standards and

by the member's service. Pursuant to the ABCMR recommendation of 15 November 2001 the exam must be conducted "as prescribed by the Office of the Command Surgeon. Army Reserve Personnel Command". Neither the Air Force nor the Coast Guard nor any other service will or can under law do a fitness for duty medical exam for a member of another service. Also you purport in writing that I was discharged from active duty in 1994. Also as evidenced by the record I have been discharged and retired from the Reserve. No service will do a fitness for duty exam for a member of another service who, purportedly, has been discharged and retired.

All you had to do in 2004 was to surrender the medical boards' records and send me to Walter Reed Army Medical Center. You refused to do so. You continue to insist on wasting the taxpayers dollars in pursuing a nonsensical exam – fine. There are plenty of Army doctors in Massachusetts who can do a fitness for retention exam. If you cannot find one let me know and I will find one. Otherwise stop bothering me until you get this mess straightened out.

Very truly yours;

Richard W. Comerford Pro Se
9 Speedwell Lane Plymouth
Massachusetts 02360
(508) 833-9396

Enclosure

Smith-10

3

Barbara Healy Smith
United States Attorney's Office
United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

21 June 2004

RE: Comerford v. U.S. Department of Defense et al, C. A. Numbers 99-11712-WGY, 00-11671-WGY, 01-11364-WGY *as consolidated.*

By First Class Mail

Dear Ms. Healy Smith:

I am writing to you pursuant to L.R. 7.1 (a) (2) in a good faith attempt to resolve or narrow the following issues in the above captioned case.

I am in receipt of the Court's order of 17 June 2004. I hereby submit to the physical examination mentioned in said order. I request that the government arrange said examination forthwith. I am a pauper. I cannot bear any expense of said examination. I cannot pay for my travel, room and board expenses and request possible compensation afterwards.

Please inform me in writing within 10-days of receipt of this letter of your intentions.

Very truly yours;

Richard W. Comerford Pro Se
9 Speedwell Lane Plymouth
Massachusetts 02360
(508) 888-0345

Smith58-Confer-18-exam

EXHIBIT 9

Barbara Healy Smith
United States Attorney's Office
United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

3 November 2005

RE: <u>Comerford v. Steward et al 05-10439-WGY – Patients' Bill of Rights</u>

By First Class Mail

Ms. Healy Smith:

I am in receipt of your letter dated 27 October 2005.

In said letter you wrote in part: "you claim you are taking this examination as a 'private citizen'..."

*You have written to me and stated that I was purportedly discharged from AGR duty in 1994. As evidenced by the record I have been discharged and retired from the Army Reserve. Unless you agree wit the U.S. Department of Defense that I have not been discharged from AGR duty and that I remain on AGR duty then the medical examiner will have to treat my case as that of a private citizen.*

In said letter you also wrote in part: "and believe the results should only be shared with the Court."

*In its 2001 proceedings the ABCMR wrote in part: "The applicant has exhausted or the Board has waived the requirement for exhaustion of all administrative remedies afforded by existing law or regulation...That so much of the applications is in excess of the foregoing be denied ." The ABCMR subsequently refused to in violation of the fraudulently procured purported settlement agreement to accept an application for reconsideration from me. It also wrote me and stated that my case was closed. Pursuant to the above cited statute and Army Regulation 15-185 the ABCMR does not have authority to act upon a case that is closed.*

In said letter you also wrote in part: "On the contrary, the purpose of the exam is so that the ABCMR can implement relief pertaining to your military service record and status".

*In its 2001 proceedings the ABCMR did not recommend "relief" and it is prohibited by Section 1552 of Title 10 of the U.S. Code from granting "relief".*

In said letter you also wrote in part: "which it has been prevented from doing by your refusal to have a physical".

*I did not refuse to undergo a physical. You refused to release pursuant to my lawful request a copy of the 1997 medical boards. Military medical doctors cannot perform a fitness for retention exam without them. See AR 135-381, 40-1, 40-501.*

In said letter you also wrote in part: "The results of the physical will go to the ABCMR, not the Court."

*I hereby direct you pursuant to the provisions of the statutes, directives and regulations cited below not to review, release or examine the results of the medical exam or any of my medical records to any person, organization or entity, with the single, sole exception of Chief Justice Young, without my express written approval in a document signed and dated by myself. As far as I am concerned the Judge may do with them as he pleases.*

1.  Section 552 of Title 5 of the United States Code

2.  Section 552a of Title 5 of the United States Code

3.  Chapter of Title 10 of the United States Code

4.  U.S. Department of Defense Directive 6000.14

5.  U.S. Coast Guard Patient's Bill of Rights

6.  Section 70E of Chapter 111 of the Massachusetts General Laws

Very truly yours;

Richard W. Comerford Pro Se
9 Speedwell Lane Plymouth
Massachusetts 02360
(508) 833-9396

Enclosure

Smith-11

2

EXHIBIT 10

Barbara Healy Smith
United States Attorney's Office
United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

RECEIVED
U.S. ATTORNEY

05 NOV -7 PM 3: 42

4 November 2005

RE: Comerford v. Steward et al 05-10439-WGY – Appointment U.S. Coast Guard Clinic

By First Class Mail

Ms. Healy Smith:

The United States was ordered by the Court on 17 October 2004 to afford me a place to take a medical examination to determine my medical fitness for retention in the U.S. Army Reserve as prescribed by the Command Surgeon of the U.S. Army Reserve pursuant to the 2001 proceedings of the ABCMR.

By certified mail dated 18 October 2005 you instructed me to make an appointment at Hanscom AFB. I made said appointment for 8 November 2005. However the Air Force, after consulting counsel, determined that I should be examined by a U.S. Army medical doctor. The Air Force offered to host a U.S. Army medical doctor at Hanscom AFB.

Then by certified mail dated 27 October 2005 you cancelled the appointment at Hanscom AFB and rescheduled it for 0900 hours on 8 November 2005 at U.S. Coast Guard medical clinic in Boston.

I contacted the U.S. Coast Guard medical clinic. The clinic administrator told me that he knew nothing about said appointment. I so informed you.

Then by certified mail dated 31 October 2005 you wrote in part "we expect you to keep the appointment".

I have again spoken to the U.S. Coast Guard medical clinic. As of 3 November 2005 the U.S. Coast Guard medical clinic still had no record of I being scheduled by the United States for a medical exam on 8 November 2005 or at another time.

Also the U.S. Coast Guard medical clinic informed me that according to their records I have already been retired from the U.S. Army Reserve. It is a little difficult to examine a soldier for retention if he has already been discharged and retired.

However they have no record of I being discharged from AGR duty. Also the U.S. Army Reserve has informed me through my Member of Congress that I have not been discharged from AGR duty. Am I being examined for retention in the U.S. Army Reserve as a member of the Individual Ready Reserve or for service on AGR duty?

Further the U.S. Coast Guard medical clinic has not received the standards for the medical exam as prescribed by the U.S. Army Reserve Command Surgeon pursuant to the above cited ABCMR Proceedings.

I hereby request the following:

- The United States either makes an appointment for me at the U.S. Coast Guard medical clinic or in the alternative allows me to make said appointment. (Note: if I am in fact discharged from both the Individual Ready Reserve and from AGR duty then as a private citizen and a civilian I may not be able to make an appointment.)

- The United States provides me with a copy of the standards for the medical exam as prescribed by the U.S. Army Reserve Command Surgeon pursuant to the above cited ABCMR Proceedings or in the alternative allows me to request said copy from the U.S. Army Reserve.

- Inform me by overnight mail what course of action you intend to take in this matter. Do not contact me by telephone again.

Finally, in light of my confused and conflicting military record – you claim that I have not been discharged from the Army Reserve but that I have been discharged from AGR duty… the U.S. Department of Defense claims that I have been discharged from the Reserve but not from AGR duty; for the medical exam to be a success both the examiner and myself will need to know the exact purpose of exam. Therefore pursuant to the below cited statutes, regulations and directives I hereby request that the United States inform both the examiner and myself in writing in plain English the exact purpose of said exam.

1. Section 552 of Title 5 of the United States Code

2. Section 552a of Title 5 of the United States Code

3. Chapter of Title 10 of the United States Code

4. U.S. Department of Defense Directive 6000.14

5. U.S. Coast Guard Patient's Bill of Rights

6. Section 70E of Chapter 111 of the Massachusetts General Laws

Very truly yours;

Richard W. Comerford Pro Se
9 Speedwell Lane Plymouth
Massachusetts 02360
(508) 833-9396

Smith-12

2

EXHIBIT 11

MSG Cynthia King
Office of the Inspector General
Walter Reed Army medical Center
Washington, D.D.

7 November 2005

RE: Fitness for Duty Determination for Retention in the U.S. Army

By Facsimile to number (202) 782-3522

MSG King:

Thank you for your telephone call this date. I hereby request pursuant to the Court's order
of 17 October 2005 a fitness for retention medical examination at Walter Reed Army
Medical Center. See Attachment-1. I also herby request that pursuant to the referral of the
medical duty review board that my case be referred to a medical evaluation board at
WRAMC. I hereby further state that I was injured in the line of duty while serving on
Active Guard and Reserve ("AGR") duty pursuant to Section 502 (f) of Title 10 of the
U.S. Code and that I have not been discharged from AGR duty.

### Penalty of Perjury

I hereby state under the penalty of perjury as attested by my signature below that the
following information is true to the best of my knowledge and memory as of the date of
said signature.

I hereby state under the penalty of perjury as attested by my signature below that the
enclosed documents are true copies to the best of my knowledge as of the date of said
signature.

### Introduction

The United States District Court for the District of Massachusetts has ordered the United
States to provide a medical examination to me.

Apparently the purpose of the exam is to determine if I am fit for retention in the U.S.
Army Reserve – although I have been both discharged and retired from the Reserve. [5].

The United States Department of Justice ("Justice") previously arranged for the exam to
be conducted by the U.S. Department of the Air Force ("Air Force") by LTC Gale
Skousen M.D. at Hanscom AFB.

However LTC Skousen contacted me by telephone and explained that after consulting
with Air Force counsel the Air Force thought the exam should be conducted by the U.S.

11-8-05; 5:35PM;
11/05/2045  10:49    5088887333              HOMEVIDEO                    PAGE  02

Department of the Army ("Army"). LTC Skousen advised me that funds existed to send me to Walter Reed Army Medical Center ("WRAMC") for the exam.

In a letter dated 27 October 2005 Justice advised me that the exam had been rescheduled for 0900 on 8 November 2005 at the U.S. Coast Guard Base in Boston.

I wrote to and telephoned Justice on 29 October 2005 and advised Justice that due to family commitments that I could not leave Plymouth, Massachusetts earlier than 0900 on a weekday and that due to traffic and parking I would not be able to physically report and appear for an appointment prior to 1130 hours.

## Background

### A. Military

As evidenced by the record I qualified for retirement from active duty pursuant to Section 3911 of Title 10 of the United States Code on or about October 1992. [1]

Also as evidenced by the record I was injured in the line of duty ("ILD") while serving on active Guard and Reserve duty in the Massachusetts National Guard ("Guard") pursuant to Section 502 (f) of Title 32 of the United States Code in August 1993. [2 & 6]

Also as evidenced by the record my Guard superiors improperly withheld entitled active duty medical care and pay from me after I was injured ILD. They also falsified the line of duty investigation. Further my Guard superiors improperly failed or report my active duty or AGR service and to count me into the active duty end strength. [2]

Also as evidenced by the record my commander certified me as incapacitated on or around July 1994. [7]

Also as evidenced by the record I initiated a request for assistance with the U.S. Army Inspector General ("IG") for the Guard in December 1994. [2] The IG found that I had not been medically returned to duty after the August ILD injury. He also found that the Guard had falsified the line of duty report of my injury. The IG recommended that I receive entitled active duty medical care and pay. [2]

Also as evidenced by the record the Guard did not comply with the recommendations of the IG. Instead the Guard falsely accused me of purportedly collecting civilian employment pay from a non-existent private security company. Although the U.S. Attorney refused to prosecute me citing "lack of evidence" the Guard has harassed me with baseless investigations on this matter for 12-years. [3]

11-9-05; 5:35PM;
11/05/2045  10:49    5088887333    HOMEVIDEO    PAGE 03

As evidenced by my employment, tax, IRS, FICA and social security record the only organization or person from whom I have collected employment pay since on or around 1973 has been the U.S. Department of Defense. [3]

Also as evidenced by the record the Guard also defamed me by falsely claiming that I had been purportedly discharged from AGR duty because I was purportedly mentally ill. I have never been referred to, examined for or diagnosed with any mental, emotional or psychological illness, affiliations, disease or problems. [4]

Also as evidenced by the record I have never been discharged from AGR duty after I was injured ILD in 1993. [2]

Further as evidenced by the record I qualified for retired pay at age 60 on or around May 1995 and I subsequently received a so-called "Twenty Year Letter". [5]

### B. Medical Duty Review Board's ("MDRB")

On or about April 1997 the Guard finally submitted my case to a MBRB. The MDRB found that I had been injured ILD in 1993 and that I was "not medically fit for continued service" and referred my case to medical and physical evaluations boards ("MEB/PEB") for medical retirement.

I hereby cite documents pertaining to the 1997 MDRB:

1: MAAR-HD Memo dated 18 March 1997; subject: request medical duty review board for MAJ Comerford.

2: Comerford letter dated 20 March 1997; subject: request for notification.

3: Elbthal Letter dated 20 March 1997; subject: Drill Status

4: Comerford Letter dated 21 March 1997

5: Murray Memo 11 April 1997

6: MAAR-PER-SG Memo 25 April 1997; subject: request physician referral to an Medical Evaluation Board.

I hereby also cite the following documents:

7: Commander's Certification of Incapacitation July 1994

8: U.S. Army Inspector General Report 7 February 1996

9: ARPC-PSP-T Memo 19 June 2002; subject: Twenty Year Letter

I hereby request that the nine above cited documents be included in the record of my medical examination.

### B. Referral for Medical Examination for Determination of Fitness for Retention

On or about 15 November 2001 the Army Board Correction Military Records ("ABCMR") recommended to the Secretary of the Army that I be referred to a military medical facility for "a medical examination for determination of his fitness as prescribed by the Office of the Command Surgeon, Army Reserve Personnel Command". [1]

The purpose for said medical examination was that I purportedly needed "only 8 more qualifying months to reach the required 20-years...for retired pay at age 60". [1]

However as evidenced by the record I had qualified for retired pay at age 60 and I subsequently received a so-called "Twenty Year Letter". [5]

Also as evidenced by the record [1] the ABCMR had in violation of U.S. Army Regulation 40-3, 40-501, 135-381 and 15-185 had ignored the findings and recommendations of the 1994 Commander's Certification of Incapacitation [7], the 1996 U.S. Army IG Report [2], the 1997 MDRB and the subsequent MEB/PEB [6].

Instead the ABCMR had ignored both the record and the law and had falsely and fraudulently argued that I had been medically returned to duty in September 1993 and that I had been discharged from AGR duty in July 1994. [1]

The ABCMR argued falsely and fraudulently in part because as evidenced by the record it had unlawfully conducted ex parte communications with the Guard when conducting its research instead of doing its own analysis and research in violation of Section 1556 of Title 10 of the United States Code.

### Discussion

As you know pursuant to U.S. Army Regulations 40-3, 40-501 and 135-381 the final medical disposition of a soldier's case is in the hands of the medical treatment facility commander advised by the attending medical officer and MEB.

As you also know the final medical disposition type of a soldier's case and his medical treatment depends on such factors as whether the soldier was injured ILD and whether he has been medically returned to duty and whether he is currently serving on active or AGR duty.

4

Pursuant to the findings of the IG [2] and the MDRD [6] and my commander [7] it is clear that I was incapacitated in the line of duty in 1993 while serving on AGR duty and that the Guard improperly denied me entitled medical care and that I was never medically returned to duty and never discharged from AGR duty.

(Note: Recently through the good offices of my Member of Congress I have been twice contacted by the U.S. Department of Defense and informed that there is no record of I being discharged from AGR duty and that I remain on AGR duty until a DD Form 214 separating me fro mar duty is properly issued to me. However Justice purports that I was discharged from AGR duty in 1994; but it refuses to provide me with a DD Form 214 that has discharged me from AGR duty)

Pursuant to the above cited regulations my case should be in the hands of an Army MTF commander and it should be referred to the Army MEB/PEB for evaluation for retention on AGR duty.

However I believe that I am now medically fit for duty.

<u>Request</u>

I hereby respectfully request that the privacy of my medical records be safeguarded.:

1. Section 552 of Title 5 of the United States Code

2. Section 552a of Title 5 of the United States Code

3. Chapter of Title 10 of the United States Code

4. U.S. Department of Defense Directive 6000.14

5. U.S. Coast Guard Patient's Bill of Rights

6. Section 70E of Chapter 111 of the Massachusetts General Laws

<u>Current Medical Health</u>

I am in very good health. Thanks solely to the charity of my wife I have received superb medical care. Although I sometimes suffer chest pain and shortness of breath it is GERD related. In September 2004 I passed a cardiolyte test with flying colors. In fact I believe that my health is so good that I have repeatedly since 9/11/01 volunteered in writing to be assigned to a combat unit.

I am an old Special Forces soldier. If my country requires my services as a soldier in the war on terror I would be delighted to either fight or teach someone else how to fight.

5

Very truly yours;

Richard W. Comerford
9 Speedwell Lane
Plymouth, Massachusetts 02360
(508) 833-9396

Notes

1. Army Board Correction Military Records Proceedings 15 November 2005
2. U.S. Army Inspector General Report 7 February 1996
3. U.S. Army CID Report 15 February 1999.
4. Massachusetts Department of State Police Report 17 February 1996
5. ARPC-PSP-T Memo 19 June 2002; subject: Twenty Year Letter
6. MAAR-PER-SG Memo 27 April 1997
7. Commander's Certification of Incapacitation July 1994
8. Healy Letter 15 September 2005.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD W. COMERFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 99-11712-WGY |
| | ) C.A. No. 00-11671-WGY |
| THE UNITED STATES DEPARTMENT OF | ) C.A. No. 01-11364-WGY |
| DEFENSE, DEPARTMENT OF THE ARMY, | ) C.A. No. 05-10439-WGY |
| et al., | ) C.A. No. 05-11731-WGY |
| | ) C.A. No. 05-11776-WGY |
| Defendants. | ) C.A. NO. 05-11399-WGY |

### AFFIDAVIT OF COMMANDER KATHERINE G. MULLIGAN, M.D.

I, Katherine G. Mulligan, hereby depose and state as follows:

1. I am Chief of Health Services at ISC Boston Medical Clinic at the United States Coast Guard post in Boston, Massachusetts.

2. In that capacity, I was contacted by legal counsel for the Army, Captain Ausprung, and asked if I would perform a physical examination of Richard Comerford. I agreed to do so, and provided several available dates, asking that Mr. Comerford report no later than 8:00 a.m. so that we could have time for the range of tests and lab work that would be part of the examination.

3. Army counsel called back to say that the exam would be on November 8, 2005, and asked me to schedule it as late as possible. I agreed to a 9:00 a.m. appointment. I also arranged for Mr. Comerford's access to the post.

4. Prior to the exam, Mr. Comerford called my staff several times, complaining, among other things, about the early start time. I agreed that he could come as soon as he could make it on November 8, even if that were after 9:00 a.m. He also repeatedly questioned my staff whether the exam would be performed in accordance with Army regulations, and told staff

that the exam should be taking place at Walter Reed.  There were at least four such conversations prior to November 8.

5.  I understood that Mr. Comerford had been asked to bring his medical records with him. He arrived at the Clinic at approxiamtely 9:45 am on November 8, but did not have medical records with him.  He refused to complete the forms he was asked by the front desk staff to complete.  Instead, he had provided a number of legal documents, and a questionnaire for me and my staff about the authority for me to perform the exam, my qualifications, and the protocol that would be used. He accused staff of participating in a fraud.

6.  When I introduced myself to Mr. Comerford, he refused to shake my hand, and informed me that I was his "adversary." From approximately 11:00 am until after 2:00 pm, I met with Mr. Comerford in my office to take his medical history, as part of the exam.  During this entire time, Mr. Comerford was challenging and argumentative, and did not let me do my job. He demanded to see a discharge form DD214, which I did not have and was not necessary; insisted repeatedly that I should "refuse" to see him; accused me of fraudulent conduct and implied I would be involved in some legal action if I performed the exam; raised several legal and administrative issues that were not appropriate to my performing the exam; argued with me about whether he was on active duty status; and paced back and forth across the office, arguing the whole time.

7.  Although Mr. Comerford insisted he was not "refusing" the examination, he repeatedly told me that I should refuse to do it.  His behavior and body language made me uncomfortable, and the Corpsman I had in the room with me expressed concern about my safety.  Finally, since I could not do the exam, I terminated the exam and had Mr. Comerford escorted off the post, at approximately 2:30 p.m.

8.  I made every attempt to complete the examination, but Mr. Comerford was resistant and obstructive, and didn't let me do my job.


Signed under the pains and penalties of perjury this __09__ date of November, 2005.

CDR K. Mulligan, USPHS
ISC Boston Medical