UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| RICHARD W. COMERFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 99-11712-WGY |
| THE UNITED STATES DEPARTMENT OF | ) | C.A. No. 00-11671-WGY |
| DEFENSE, SECRETARY OF THE ARMY, | ) | C.A. No. 01-11364-WGY |
| ARMY BOARD FOR CORRECTION OF | ) | C.A. No. 05-10439-WGY |
| MILITARY RECORDS, et al., | ) | C.A. No. 05-11731-WGY |
| | ) | C.A. No. 05-11776-WGY |
| Defendants. | ) | C.A. No. 05-11399-WGY |
| _____ | ) | |

**SUPPLEMENT TO NOVEMBER 10 STATUS REPORT**

Defendants Department of Defense, Secretary of the Army, and Army Board for Correction of Military Records submit this Supplement to the Status Report filed November 10, 2005.

1.    Defendants' counsel received a letter from the plaintiff dated November 8, 2005. The letter advised that plaintiff had appeared November 8 for "the fraudulent medical exam that had been improperly made" for plaintiff "in violation of the court's order of 17 October 2005." See Exhibit 1 attached hereto.  The letter further stated that "the U.S. Coast Guard ISC medical clinic declined to perform the medical examination," and that "administrators" at the clinic "identified" three reasons for "declining to examine" plaintiff, including that he was "ineligible for medical care and the Coast Guard was enjoined by statute from proving [sic] any service" to him, as well as "fraud on the part of the United States." Id.  (Emphasis added).

2.    Defendants' counsel received another letter from plaintiff, dated November 10, 2005. Notwithstanding that two days earlier he had asserted the Coast Guard (USCG) medical clinic declined to perform the exam, the November 10 letter asserted that plaintiff's wife, a registered nurse, was of the opinion that since he'd had some preliminary lab tests and given a medical history his visit to the USCG clinic "constituted a medical exam."  Exhibit 2 hereto.  Plaintiff

thus insisted that he had "complied with the Court's Order of 17 October 2005," and stated his intention to "move the court to reopen all of my cases." Id.

3.      Both letters asserted that plaintiff was "enjoining" the United States and its attorneys from certain actions, including "making any further fraudulent medical appointments for me." Ex. 1 at 2.  The second letter also threatened to sue Army litigation counsel in her personal capacity.  Ex. 2 at 2-3.

4.      On November 15, 2005, counsel was advised by the USCG ISC medical clinic that they had received a letter from plaintiff dated November 9, 2005, which asserted, *inter alia*, that the USCG clinic had "unlawfully compelled" plaintiff, "under threat of Court sanctions to attend a fraudulent medical exam."  Ex. 3.  In that letter, plaintiff states that he "refused to participate in a falsified report of said exam," and so "Commander Mulligan declined to conduct the exam, knowing that I would be subject to court sanctions."  Id. at 2 (emphasis added).  The letter made a host of accusations, and set forth demands for information and an apology, threatening legal action against five or more different USCG defendants if they did not respond.  Id. at 2-6.

5.      Plaintiff thus has taken three contradictory positions on what happened November 8. Commander Mulligan, the USCG doctor, has affirmed that she was unable to perform her examination.

6.      The thirty days the Court set for compliance with its October 17, 2005, Order expired yesterday.  Instead of simply permitting the exam to go forward, plaintiff immediately (see letter dated October 17, 2005, Ex. 1 to November 10 Status Report), began to raise conditions for and obstacles to having the exam, in a barrage of letters to counsel and phone calls to the medical clinics where Army counsel had arranged for the exam (Exs. 2-11 to 11/10 Status Report; Exs. 1-3 hereto).  He continued to invoke, and consume, further governmental and judicial resources, while once again refusing to comply with the Court's Order and instead asserting a host of objections, accusations, and arguments about the physical.  The only apparent result of the exercise, according to plaintiff's own writings, is to add to the pool of potential defendants

(Army Litigation Counsel, Commander Mulligan of the USCG, the Coast Guard itself, and Rear Admiral Pekoske, among others, see Ex. 2 hereto at 2-3; Ex. 3 hereto at 4-5), plaintiff threatens to name in further threatened lawsuits.   Enough is enough.  Plaintiff has failed twice to comply with the Court's Order, despite the Court's clear warnings that failure to comply would result in the imposition of sanctions (filing restrictions).   The Court has the discretionary power to prevent further abusive litigation.  Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993); Azubuko v. MBNA America Bank, --- F.Supp.2d ----, 2005 WL 2767149(D.Mass. Oct 20, 2005) .  Defendants arranged for the physical, at a location within Massachusetts not under the control of the National Guard, as ordered by the Court.  Since Mr. Comerford did not permit the physical to be completed, the Court should enter the Order it described at the October 17, 2005, status conference:  that all of the 2005 cases be dismissed, and plaintiff be enjoined from filing further cases without permission of the Court.

Respectfully submitted,

MICHAEL J. SULLIVAN,
United States Attorney

Dated: 17 November 2005

By   /s/ Barbara Healy Smith
Barbara Healy Smith
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3100

<u>CERTIFICATE OF SERVICE</u>

    This is to certify that I have this day served upon plaintiff a copy of the foregoing Report by certified United States mail.

/s/ Barbara Healy Smith

17 November 2005

Barbara Healy Smith
Assistant United States Attorney

# EXHIBIT 1

Barbara Healy Smith
United States Attorney's Office
United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

RECEIVED
U.S. ATTORNEY

05 NOV 10  PM 3: 08

8 November 2005

RE: <u>Comerford v. Steward et al 05-10439-WGY – Appointment U.S. Coast Guard Clinic</u>

By First Class Mail

Ms. Healy Smith:

Be advised that I appeared this date for the fraudulent medical exam that had been improperly made for me at U.S. Coast Guard ISC medical clinic in Boston by the United States in violation of the court's order of 17 October 2005.

Upon arrival I informed the U.S. Coast Guard ISC medical clinic that I would submit to a medical examination.

The U.S. Coast Guard ISC medical clinic declined to perform the medical examination.

Administrators at the U.S. Coast Guard ISC medical clinic identified the following reasons for declining to examine me:

1. My name did not appear in the Defense Enrollment Eligibility Reporting System (DEERS). Neither an active duty nor a reserve duty ID card was linked to my name. I was essentially, according to DEERS, a civilian. I was therefore ineligible for medical care and the Coast Guard was enjoined by statute from proving any service to me to include a medical exam… you should have known this. The U.S. Air medical clinic at Hanscom AFB had been similarly enjoined by statute and had for the same reasons in part declined to examine me.

2. Fraud on the part of the United States to wit: The United States unlawfully provided to the U.S. Coast Guard ISC medical clinic a forged and fraudulent medical file which it purported to be my file and to be a complete file. Key documents had been deliberately removed from my purported medical file by the United States. The United States had also unlawfully placed at least one false document in my purported medical file in a fraudulent effort to make it appear that I had waived a discharge medical exam from AGR duty in 1994.

3. Fraud on the part of the United States again to wit: U.S Army Captain and attorney Rebecca Ausprung lied to the U.S. Coast Guard ISC medical clinic about the purpose of the exam. Captain Ausprung stated that the purported purpose of the exam was to determine if I were fit for retention in the U.S. Army Individual

Ready Reserve ("IRR"). However, as mentioned above the U.S. Coast Guard ISC medical clinic had checked DEERS which showed that I had already been discharged from the IRR which made the purported purpose of the exam fraudulent.

Be also advised that I contacted this date the U.S. Army Inspector General ("IG"). The IG has referred me for a medical exam pursuant to the above cited court order at a U.S. Army facility.

I hereby enjoin the United States from making any further fraudulent medical appointments for me or from tampering, forging or altering in any way my medical record or from misrepresenting the purpose of the medical exam to be a purported fitness determination for retention in the IRR.

I hereby enjoin you or any other member of the U.S. Attorney's office from contacting I or my family by telephone or from approaching I or my family in person or from approaching my home.

Very truly yours;

Richard W. Comerford Pro Se
9 Speedwell Lane Plymouth
Massachusetts 02360
(508) 833-9396

Smith-13

2

# EXHIBIT 2

Barbara Healy Smith
United States Attorney's Office
United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

RECEIVED
U.S. ATTORNEY

05 NOV 14  PM 4: 28

10 November 2005

RE: <u>Comerford v. Steward et al 05-10439-WGY – Demand for Record of Medical Exam</u>

By First Class Mail

Ms. Healy Smith:

Be advised that my wife a registered and practicing nurse has opinioned that my visit to the U.S. Coast Guard ISC medical clinic in Boston on 8 November 2005 constituted a medical exam.

During my visit to the U.S. Coast Guard ISC medical clinic I gave urine and blood samples to clinic personnel, I submitted to an EKG administered by clinic personnel. I also submitted to eye and hearing tests administered by clinic personnel. I was also admonished to both wear a condom and a seat belt by clinic personnel. Clinic personnel further took a detailed medical history from me. Finally I was examined by a clinic medical doctor who told me in front of the acting clinic administrator that I was "fit for duty".

However after the clinic medical doctor told me that I was "fit for duty" U.S Army Captain and attorney Rebecca Ausprung unethically telephoned the clinic medical doctor in her office and in my presence and improperly intervened in the medical examination.

Attorney Ausprung told the clinic medical doctor that purportedly I was a member of the U.S. Army Individual Ready Reserve ("IRR") and that the purported purpose of the medical exam was to determine if I was medically fit for retention in the IRR. The purported objective according to attorney Ausprung for my purported retention in the IRR was that so I could purportedly serve for an additional 8-months in the IRR which would purportedly give me credit for 20-years reserve service and purportedly make me eligible for retired pay at age 60. Attorney Ausprung also unlawfully told the clinic medical doctor to ignore the findings of a 1997 medical duty review board that evaluated my case.

The U.S. Coast Guard ISC medical clinic administrator then entered my name the Defense Enrollment Eligibility Reporting System (DEERS). According to the U.S. Coast Guard ISC medical clinic administrator I had already been retired from the IRR. Also according to the U.S. Coast Guard ISC medical clinic administrator neither an active duty nor a reserve duty ID card was linked to my name. Further the U.S. Coast Guard ISC medical clinic administrator had a true copy of my so-called "Twenty Year Letter" in his

possession which credited me with 20-years of Reserve service and stated that I was eligible for retired pay at age 60. In my presence the U.S. Coast Guard ISC medical clinic administrator so informed the clinic medical doctor.

The U.S. Coast Guard ISC medical clinic administrator told me that I was a civilian. He also told me that the U.S. Coast Guard ISC medical clinic could not provide medical services, to include a medical exam, to a civilian. After this conversation with the U.S. Coast Guard ISC medical clinic administrator I was escorted from the building.

However it is clear that a medical exam took place. It is also clear that a uniformed medical doctor employed by the U.S. Coast Guard and wearing the rank insignia of Commander found me fit for duty. It is further clear that I am in compliance with the Court's order of 17 October 2005.

Therefore I hereby request and demand pursuant to the U.S. Coast Guard's March 2005 Patient's Bill of Rights, and U.S. Department of Defense Directive 6000.14 and Section 552 of Title 5 of the U.S. Code that the United States provide me with a copy of all records, documents, notes and files both written and electronic, both formal and informal naming me or related in anyway to my 8 November 2005 appearance at the U.S. Coast Guard ISC medical clinic forthwith.

As you know the U.S. Department of the Army Inspector General at my request has referred me for a medical exam at a U.S. Army facility.

It is my intention, having complied with the Court's order of 17 October 2005 to move the court to reopen all of my cases.

However if the United States desires that I undergo yet another medical examination at the taxpayers expense, which by estimate will be my 32nd medical examination related to this matter, I will delay my motion to reopen.

However the United States must bear up front all of the expense of the 32nd medical examination and reimburse me up front for all expenses associated with the 31st medical examination.

I hereby enjoin attorney Ausprung from further interference in my Doctor – patient relationship and from violating my privacy rights as protected by U.S. Department of Defense Directive 6000.14 and Sections 552 and 552a of Title 5 of the U.S. Code. In specific I enjoin her from: 1) communicating with my physicians without my knowledge, permission or consent; 2) making medical appointments in my name without my knowledge, permission or consent; 3) submitting my purported medical record to my physicians without my knowledge, permission or consent; 4) tampering with my medical record in any way to include placing or removing records from said record.

I believe that attorney Ausprung has by her unethical intervention into my medical care violated my civil, constitutional and inalienable rights and that her violations are

actionable under Section 1983 of Title 42 of the United States Code. I hereby reserve the right to either name her as a defendant in an instant action or in an independent action for her gross violations of said rights.

I hereby request that you advise me forthwith as to whether the United States wants me to delay my motion to reopen and instead to submit to a 32nd medical examination at a U.S. Army medical facility the governments full expense.

Richard W. Comerford Pro Se
Speedwell Lane Plymouth
Massachusetts 02360

Smith-14

3

# EXHIBIT 3

HSC Frank Heine
Clinical Administrator
ISC Boston Coast Guard Medical
427 Commerce Street
Boston, Massachusetts 02109

9 November 2005

RE: Patient Complaint Pursuant to the U.S. Coast Guard Patient's Bill of Rights

By First Class Mail

HSC Heine:

References:

1. The Fourth Amendment of the U.S. Constitution

2. The Fourteenth Amendment of the U.S. Constitution

3. Section 552 of Title 5 of the United States Code

4. Section 552a of Title 5 of the United States Code

5. Section 2302 of Title 5 of the United States Code

6. Section 275 of Title 10 of the United States Code

7. Section 1034 of Title 10 of the United States Code

8. Chapter 55 of Title 10 of the United States Code

9. Section 1983 of Title 42 of the United States Code

10. U.S. Department of Defense Directive 6000.14

11. U.S. Coast Guard Patient's Bill of Rights

12. Section 70E of Chapter 111 of the Massachusetts General Laws

13. Comerford Letter to HSC Heine dated 31 October 2005

Pursuant to references 8 through 12 inclusive above I hereby submit the following complaint to the clinic administrator. If said complaint has been presented to the incorrect officer or office I hereby request that it be referred to the proper officer or office.

HSC Frank Heine
Clinical Administrator
ISC Boston Coast Guard Medical
427 Commerce Street
Boston, Massachusetts 02109

9 November 2005

RE: Patient Complaint Pursuant to the U.S. Coast Guard Patient's Bill of Rights

By First Class Mail

HSC Heine:

References:

1. The Fourth Amendment of the U.S. Constitution

2. The Fourteenth Amendment of the U.S. Constitution

3. Section 552 of Title 5 of the United States Code

4. Section 552a of Title 5 of the United States Code

5. Section 2302 of Title 5 of the United States Code

6. Section 275 of Title 10 of the United States Code

7. Section 1034 of Title 10 of the United States Code

8. Chapter 55 of Title 10 of the United States Code

9. Section 1983 of Title 42 of the United States Code

10. U.S. Department of Defense Directive 6000.14

11. U.S. Coast Guard Patient's Bill of Rights

12. Section 70E of Chapter 111 of the Massachusetts General Laws

13. Comerford Letter to HSC Heine dated 31 October 2005

Pursuant to references 8 through 12 inclusive above I hereby submit the following
complaint to the clinic administrator. If said complaint has been presented to the incorrect
officer or office I hereby request that it be referred to the proper officer or office.

**Complaint**

<u>Introduction</u>

On or about 8 November 2005 the U.S. Coast Guard ISC medical clinic unlawfully
compelled me under threat of Court sanctions to attend a fraudulent medical exam for the
purported purpose of determining my fitness for retention in the U.S. Army Reserve
Individual Ready Reserve ("IRR"). The purported objective of said medical exam was to
allow me if found fit to serve for approximately 8 more months so that I could
purportedly complete 20-years service and qualify for retirement pay at age 60. However
as evidenced by the record I had completed 20-years service in 1995 and I was
subsequently provided with my "Twenty Year Letter" by the IRR. [13] All the same I
agreed to submit to said exam. I gave blood and urine samples underwent an EKG, my
eye sight and hearing was tested and a detailed medical history was taken by the clinic.
However the clinic administrator discovered that my name did not appear on the DEERS.
He determined that I was a civilian and that the clinic could not examine me. I did
everything that was asked of me by the clinic but I refused to participate in a falsified
report of said exam proposed by the examining medical officer Commander Mulligan;
namely that I agree that the purpose of said exam was to determine my fitness for
retention in the IRR and that I was currently a member of the IRR. This was a lie.
Commander Mulligan then declined to conduct the exam, knowing that I would be
subject to court sanctions, and then in unlawful reprisal for my refusal to participate in a
fraud, ordered that I be escorted out of the building by armed members of the Coast
Guard.

<u>Background</u>

Sometime prior to 8 November 2005 the U.S. Coast Guard ISC medical clinic unlawfully
allowed U.S Army Captain and attorney Rebecca Ausprung, who is serving as defense
counsel in a civil action in which I am the plaintiff, to improperly make an appointment
for a fraudulent medical exam me under threat of court sanctions at the U.S. Coast Guard
ISC medical clinic without my knowledge or consent. For an opposing attorney in a civil
action to make a medical appointment for the adversarial party is a clear conflict of
interest. In so doing the U.S. Coast Guard ISC medical clinic violated my due process
rights and my freedom of movement and my freedom from unlawful detention and
imprisonment as guaranteed by the 4th and 14th Amendments. The U.S. Coast Guard also
in effect took sides and became a party to the above cited civil action.

As mentioned above the purported objective of said medical exam was to find me
medically fit in order to allow me to serve for approximately 8 more months in the IRR
so that I could purportedly complete 20-years service and qualify for retirement pay at
age 60. However as evidenced by the record I had completed 20-years service in 1995
and I was subsequently provided with my "Twenty Year Letter" by the IRR. [13]

Also the U.S. Coast Guard ISC medical clinic had conducted a Defense Enrollment
Eligibility Reporting System (DEERS) search which revealed that I had been discharged

2

from the Reserve. Said search also showed that neither an active duty nor a reserve duty ID card was linked to my name. I was essentially, according to DEERS, a civilian. The U.S. Coast Guard ISC medical clinic is prohibited by law from providing medical services to a civilian without written permission from the Service Secretary. [8] I was therefore ineligible for both medical care and medical examination from the U.S. Coast Guard ISC medical clinic. Simply put the U.S. Coast Guard ISC medical clinic was enjoined by statute from proving any service to me to include a medical exam. The U.S. Coast Guard ISC medical clinic knew this; yet even when it received on 1 November 2005 my information packet which clearly showed that I had been retired and discharged from the IRR; but that I had not been discharged from Active Guard and Reserve ("AGR") duty, it did not cancel the appointment and properly refer me to my own branch of service. [13]

The U.S. Coast Guard ISC medical clinic also knew that the U.S. Air medical clinic at Hanscom AFB had been previously approached by attorney Ausprung for the same purpose. However the Air Force had declined to perform the exam citing both legal and ethical reasons. It too was also enjoined by statute. After consulting with counsel the Air Force had recommended to attorney Ausprung that my case be referred to Walter Reed Army Medical Center. Attorney Ausprung, anxious to keep my case out of proper military channels, instead approached Coast Guard Commander Mulligan out of official channels and requested as a "favor" that Commander Mulligan conduct the exam.

### I Feared For My Life

As mentioned above Commander Mulligan in unlawful retaliation for my refusal to participate in a fraud, ordered me escorted out of the building by armed members of the U.S. Coast Guard. I was held up to public contempt and ridicule. I was humiliated. I was embarrassed. I was in fear for my life. I suffered from emotional and physiological stress caused by the event. Prior to being escorted from the building I asked the armed members of the U.S. Coast Guard if I was under arrest or if anyone had accused me of purportedly making a threat, being rude or using foul language. The armed members of the U.S. Coast Guard replied that I was not under arrest and that no one had accused me of purportedly making a threat, being rude or using foul language. I submitted to a search by the armed members of the U.S. Coast Guard, answered all of their questions, followed all of their orders and quietly left without protest. Commander Mulligan had her revenge.

### Violation of Doctor – Patient Confidentiality and Patient's Rights

On or about 8 November 2005 at the U.S. Coast Guard ISC medical clinic and in my presence Commander Mulligan violated Doctor – patient confidentiality and patient's right to privacy. Commander Mulligan discussed my medical record, health and medical status on the phone with attorney Ausprung counsel for the opposing party in the above cited civil action. This was a serious breach of my right to privacy pursuant to references 3, 4, 8, 10, 11 and 12 above.

3

In addition Commander Mulligan improperly discussed my medical case with her superior Rear Admiral Pekoske.

In addition Commander Mulligan used a forged medical record for her evaluation supplied by attorney Ausprung.

### Request for Documents

I hereby request pursuant to references 3, 4, 8, 10, 11 and 12 above a copy of all records, documents, notes and files both printed and handwritten, both formal and informal, both electronic and non-electronic in the possession of the U.S. Coast Guard ISC medical clinic concerning me, my case, my visit on or about 8 November 2005 or at any other time to include but not limited to the unlawful incident concerning the so-called escort from the building to include all law enforcement/security logs, notes and reports.

### Request for Names

Pursuant to paragraph 3 of reference 11 above I hereby request "the name, professional status and credentials of the Health Care Providers responsible for coordinating and providing care".

I also hereby request pursuant to reference 3 above the name professional status and credentials of the coast guard members responsible for coordinating and escorting me out of the building.

### Request for Privacy

I hereby request pursuant to references 3, 4, 8, 10, 11 and 12 above that all records, documents, notes and files both printed and handwritten, both formal and informal, both electronic and non-electronic in the possession of the U.S. Coast Guard ISC medical clinic concerning me, my case, my visit on or about 8 November 2005 or at any other time to include but not limited to the unlawful incident concerning the so-called escort from the building be safeguarded and not released to any other person, entity or organization without my express written permission in a document signed and dated by myself.

### Violation of My Civil Rights

The U.S. Coast Guard, the ISC medical clinic, you, Commander Mulligan, and Rear Admiral Pekoske violated my civil, constitutional and inalienable rights by allowing an opposing party in a civil action to make an appointment for me for a medical examination without my knowledge or consent; and by forcing me to accept said appointment under pain of court sanctions; and by detaining me against my will at the U.S. Coast Guard ISC medical clinic, and by trying to coerce me into joining the Coast Guard in an unlawful and fraudulent act namely: to falsely claim that I was undergoing a medical exam for

4

purported retention in the IRR. You then by again violated my rights as protected by First, Fourth and Fourteenth Amendments by placing me in fear for my life and escorting me from the building in such a way as to destroy my good name and reputation and to hold me up to public ridicule and contempt.

## Accusation

I hereby accuse Commander Mulligan of fraud, waste and abuse. She as a favor agreed to misuse government resources for an unauthorized and fraudulent military medical exam of a civilian. Commander Mulligan improperly pressured me to cooperate with what amounted to fraud. She unlawfully detained me against my will at the U.S. Coast Guard ISC medical clinic. Commander Mulligan then unlawfully took reprisal against me by improperly ordering me confronted by armed members of the U.S. Coast Guard in the hopes that I would panic and be shot and killed by the armed members of the U.S. Coast Guard. Commander Mulligan intended to destroy my good name and reputation by improperly ordering me armed members of the U.S. Coast Guard to confront me. Commander Mulligan who had ordered me to fast for 12 hours prior to my arrival and who knew that I suffered severely from GERD had denied me foot and water while I was unlawfully detained in U.S. Coast Guard the ISC medical clinic for 5-hours. Although I was in physiological shock and suffering from hunger, chest pain and shortness of breath she ordered me thrown out of the Coast Guard base into Boston rush hour traffic in the hoes that I would suffer a fatal automobile accident. I did in fact have a minor accident.

## Demand for an Apology

I believe that the above cited violations of my protected civil, constitutional and inalienable rights by the U.S. Coast Guard, the ISC medical clinic, you, Commander Mulligan, and Rear Admiral Pekoske are actionable under reference 9 above. I hereby request and demand an apology. In the event that an apology is not forthcoming I will pursue all legal avenues of redress to include but not limited to either naming the U.S. Coast Guard, the ISC medical clinic, you, Commander Mulligan, and Rear Admiral Pekoske as defendants in a current civil action or in a new, independent action.

I also hereby demand that the U.S. Coast Guard reimburse me for the cost of the fraudulent appointment and repairs to my automobile.

## Request for Response

I hereby request that you respond to my lawful request contained herein and in my previous correspondence to you within 10-days of receipt of this letter. [13] In the event that you fail to respond within 10-days I will copy all future correspondence to the *Boston Herald, the Boston Globe, NBC News, Fox News* and other media outlets. I will also initiate a complaint with my Members of Congress and The Secretary for Homeland Defense as well as pursuing all legal avenues of redress.

## Enjoinder

I hereby enjoin you, Commander Mulligan, Rear Admiral Pekoske or any other member of Rear Admiral Pekoske's command from contacting I or my family by telephone or from approaching I or my family in person or from approaching our home.  If you Commander Mulligan, Rear Admiral Pekoske or any other member of Rear Admiral Pekoske's command attempt to contact I or my family by telephone or approaches I or my family in person or approach our home I shall seek a restraining order against the offending individual(s).


Very truly yours;

Richard W. Comerford
9 Speedwell Lane
Plymouth, Massachusetts 02360

6

TOTAL P.07