UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

RICHARD W. COMERFORD                          Civil Action No. 05-10439-WGY
         PLAINTIFF

V.

MICHAEL W. STEWARD et al

**Plaintiff's Motion For the Court To Order the Government to Comply With Its
Order and To Provide Plaintiff with an Authorized, Funded Medical Exam In
Accordance With Army Regulations**

1. Plaintiff hereby respectfully moves this honorable court to order the government

   to comply with its order and to provide plaintiff with an authorized, funded

   medical exam pursuant to the U.S. Army Regulations numbered 40-3 (medical

   Care), 40-501 (Standards of Medical Fitness), 135-381 (Incapacitation of Reserve

   Component Soldiers), 135-18 (Active Guard and Reserve Program) 15-185

   (Army Board Correction Military Records)

2. In support of said motion Plaintiff offers the following: *See plaintiff' sworn Report
   to the Court dated 23 February 2006.*

3. Report Summary: AUSA Smith and Army Attorney Ausprung did not allow the

   U.S. Department of the Army to conduct the exam pursuant to the above cited

   regulations. Instead they telephonically coordinated an unauthorized and

   unfunded medical exam with the U.S. Air Force. The Air Force refused their

request citing both legal and ethical grounds. The Air Force referred plaintiff's

case to Walter Reed Army Medical Center. The U.S. Army Inspector General

then coordinated an authorized and funded exam at Walter Reed Army Medical

Center. Smith and Ausprung blocked said exam. Instead they telephonically

coordinated as a "favor" another unauthorized exam this time with a U.S. Coast

Guard officer. Neither the U.S. Departments of the Army or the Coast Guard

knew of, or authorized or funded said exam. Smith and Ausprung then substituted

the medical record of another soldier for plaintiff's record for the exam. They

further arranged for plaintiff to be taunted, harassed and ridiculed by Coast Guard

personnel during the exam in hopes that he would be provoked into an emotional

outburst, which after 12-years of government harassment, would lead to his arrest

or death. At least two of the Coast Guard personnel who harassed plaintiff were

armed. Smith and Ausprung deliberately placed plaintiff in fear for his life in

order to stop him from pursuing his case in the justice system. Nevertheless

plaintiff endured the exam and heard the Coast Guard officer pronounce him "fit

for duty". However after said pronouncement the Coast Guard Clinic

administrator told plaintiff that he was a civilian and that he could not be

examined by the Coast Guard. The reason for plaintiff's ineligibility was that

Smith had unlawfully removed plaintiff from the Defense Enrollment Eligibility

Reporting System ("DEERS") by directing a fraudulent, illegally backdated,

unsigned, discharge certificate, purportedly separating plaintiff from active duty

for training pursuant to 32 USC 505, to be placed into the record. (Note: As

evidenced by the November 2001 Army Board Correction Military Records

proceedings plaintiff never served on active duty for training pursuant to 32 USC

505 but on Active Guard and Reserve duty pursuant to 32 USC 502 (f). In April

2005 the U.S. Departments of Defense and Army through the good offices of

plaintiff's Member of Congress informed plaintiff that he had never been

discharged from Active Guard and Reserve and that he remained on said duty

until he was issued a DD Form 214 separating him from Active Guard and

Reserve.)


Respectfully submitted,


Richard W. Comerford Pro Se
9 Speedwell Lane
Plymouth, Massachusetts 02360
(508) 833-9396

Dated: 24 February 2006


## Certificate of Service

I hereby certify as attested by my signature above that on the date of said
signature I served a true copy of this motion by First Class Mail upon
AUSA Smith.