UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD W. COMERFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | C.A. No. 99-11712-WGY |
| THE UNITED STATES DEPARTMENT OF ) | C.A. No. 00-11671-WGY |
| DEFENSE, SECRETARY OF THE ARMY, ) | C.A. No. 01-11364-WGY |
| ARMY BOARD FOR CORRECTION OF ) | C.A. No. 05-10439-WGY |
| MILITARY RECORDS, et al., ) | C.A. No. 05-11731-WGY |
| ) | C.A. No. 05-11776-WGY |
| Defendants. ) | C.A. No. 05-11399-WGY |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S "MOTION FOR THE COURT TO ODER THE GOVERNMENT TO COMPLY WITH ITS ORDER AND TO PROVIDE PLAINTIFF WITH AN AUTHORIZED, FUNDED MEDICAL EXAM IN ACCORDANCE WITH ARMY REGULATIONS"**

Defendants Department of Defense, Secretary of the Army, and Army Board for Correction of Military Records hereby respond to plaintiff's most recent motion (Motion for Court Order) in which plaintiff asks the Court to order defendants to provide plaintiff with "an authorized, funded medical exam."

The Court has already twice (on November 1, 2004, and October 17, 2005), ordered that plaintiff submit to a physical exam arranged by defendants. Defendants have (twice) arranged for such an exam. Despite the Court's Order, plaintiff has repeatedly refused to undergo a physical, instead raising every conceivable objection (through dozens of lengthy letters and several phone calls; an outright refusal to show up for an exam at Camp Edwards; and, finally, when he reported to the U.S. Coast Guard (USCG) medical facility in Boston, his refusal to fill out forms, accusations to staff of fraud, and more than two hours of telling the doctor why she could and should not perform the exam, and implying there would be legal action if she did). See November 10, 2005, *Status Report* and November 17, 2005, *Supplemental Status Report*

regarding physical, and attachments thereto.

In a November 8, 2005, letter to defendants' counsel plaintiff stated that "the U.S. Coast Guard ISC medical clinic <u>declined to perform the medical examination</u>."  In another letter, dated November 10, 2005, plaintiff asserted that according to his wife, since he'd had some preliminary lab tests and given a medical history on his visit to the USCG clinic, that "constituted a medical exam."  In a letter dated November 9, 2005, to the USCG ISC medical clinic plaintiff asserted, *inter alia*, that the USCG clinic had "unlawfully compelled" plaintiff " to attend a fraudulent medical exam," and that the doctor, Commander Mulligan, "declined to conduct the exam."  <u>See</u> *Supp. Status Report*, Exhibits 1, 2 and 3.  In the current Motion for Court Order, plaintiff simultaneously asserts that he "endured the exam," <u>and</u> that the Clinic Administrator told him "he could not be examined by the Coast Guard."  The doctor who tried to perform the exam has attested that she was unable to do so.  <u>See</u> Affidavit of Commander Katherine G. Mulligan, M.D., filed with defendants' *Status Report*.

Enough is enough.  At the Status Conference on November 1, 2004, plaintiff stated on the record that he would have the physical exam that he'd been refusing to have for years "when you tell me to, Your Honor."  Transcript of proceedings on November 1, 2004 (in C.A. No. 99-121712) at 4.  The Court ordered him to do so within 30 days and told plaintiff he could not "simply keep filing cases which deal with the same matters."  <u>Id.</u>  One year later, at the Status Conference on October 17, 2005, the Court observed it had already ordered plaintiff to have a physical and instead plaintiff had "filed a plethora of new lawsuits."  At that conference, the Court could not have been clearer that plaintiff was to be given <u>one</u> more chance to have the physical:  defendants were to arrange for a physical examination within 30 days at a facility not controlled by the National Guard, and plaintiff was to have the exam, or risk being declared a vexatious litigant and having his cases dismissed.  Tr. of proceedings on November 17, 2005.  Defendants complied.  Plaintiff did not.  As stated in defendants' *Supp. Status Report,* at 2-3, the only apparent result of the exercise, according to plaintiff's own writings, *see Supp. Status*

*Report,* Ex. 2 at 2-3; Ex. 3 at 4-5, has been to expand the pool of potential defendants that plaintiff threatens to name in further threatened lawsuits, including Army Litigation Counsel Ausprung, Commander Mulligan of the USCG, the Coast Guard itself, and Rear Admiral Pekoske, among others.

Plaintiff has twice flouted the Court's Order, in the face of clear warnings that failure to comply would result in the imposition of sanctions. The Court has the inherent discretionary power to prevent further abusive litigation. 28 U.S.C. §1651. See Cok v. Family Court of R. I., 985 F.2d 32, 34 (1st Cir. 1993); Azubuko v. MBNA America Bank, 396 F.Supp.2d 1, 7 (D.Mass. 2005); Samuel v. Michaud, 980 F.Supp. 1381, 1408-1409 (D.Idaho,1996).

Since Mr. Comerford willfully failed to comply with the Court's November 1, 2004 Order, and instead filed four or five new cases; and since he willfully failed to comply with the October 17, 2005 Order, and instead has threatened further litigation against additional defendants, the Court should enter the sanctions described at the October 17, 2005, status conference: that all of the 2005 cases be dismissed, and that plaintiff be enjoined from filing further cases without permission of the Court.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MICHAEL J. SULLIVAN, <br> United States Attorney |
| Dated: 13 March 2006 | By  /s/ Barbara Healy Smith <br> Barbara Healy Smith <br> Assistant U.S. Attorney <br> 1 Courthouse Way, Suite 9200 <br> Boston, MA  02210 <br> (617) 748-3100 |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served upon plaintiff a copy of the foregoing Report by certified United States mail.

 /s/ Barbara Healy Smith
13 March 2006                                                        Barbara Healy Smith
                                                                                      Assistant United States Attorney