UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 MAR 23 P 1:08

U.S. DISTRICT COURT
DISTRICT OF MASS.

RICHARD W. COMERFORD
PLAINTIFF

V.

MICHAEL W. STEWARD et al

Civil Action No. 05-10439-WGY

**Plaintiff's Memorandum In Support of his Motion for Reconsideration**

Penalty of Perjury

I, Richard W. Comerford the plaintiff in the above captioned case do hereby, state under the penalty of perjury as attested by my signature below that the following information is true to the best of my knowledge and memory as of the date of said signature.

**1. Background**

A. Military

1) Qualified for Retirement in 1992

Plaintiff entered military service on or around 1971. He subsequently served as an infantry and Special Forces soldier. Plaintiff qualified for retirement from active duty on or around 1992.

2) Whistleblower Incapacitated In the Line of Duty

On or around 1993 plaintiff was serving on Active Guard and Reserve duty in the Massachusetts National Guard as Commandant of a Recondo School when he and another soldier, SFC John Kliegle, respectfully raised question about possible fraud, waste and abuse within the Massachusetts National Guard with their superiors. Shortly thereafter SFC Kliegle was killed in a purported training accident. Plaintiff was also incapacitated in a purported training accident. After plaintiff survived the purported training accident the Massachusetts National Guard unlawfully stopped his entitled active duty medical care and pay and took away his active duty ID card without discharging him from Active Guard and Reserve duty.

### 3) Inspector General Substantiates Plaintiff's Complaint

On or around December 1994 plaintiff wrote to the U.S. Army Inspector General ("IG") and asked for his help in this matter. The IG substantiated each of plaintiff's six complaints against the Massachusetts National Guard. The IG also recommended that plaintiff be returned to active duty and be provided with full time pay and medical care.

### 4) Unlawful Reprisal by Massachusetts National Guard

On or around January 1995 in a clear act of retaliation the Massachusetts National Guard accused plaintiff of purportedly collecting civilian employment pay from what was in fact a non-existent company titled Phoenix Security USA Inc. The period for which the Massachusetts National Guard claimed that plaintiff purportedly collected said pay was from around July 1994 to around December 1994. However as evidenced by the record the Massachusetts National Guard unlawfully stopped plaintiff's entitled active duty pay around July 1994. The only evidence that the Massachusetts National Guard ever presented to support its allegation that plaintiff purported collected civilian employment pay was the sworn affidavit of David M. Smith (a.k.a James Smith) who swore that he paid plaintiff around $3,000.oo for training the SWAT Teams of about six federal state and local law enforcement agencies.

### 5) Professional Paid Police Informant

Mr. Smith did not provide, and the government did not ask him to provide, any documentation to include: checks, bank accounts, social security information, FICA information, withholding information, W2 forms, employment contracts or service contracts, Incorporation papers, to substantiate his claims that Phoenix Security USA Inc. existed; or that it had clients or that it had employees. However as evidenced by State Police, MASSPORT and other law enforcement records obtained by plaintiff under FOIA Mr. Smith has a long, documented history of falsely claiming to represent or employ or be employed by companies and individuals in the law enforcement, intelligence and security industries. A March 1995 investigation by the Massachusetts National Guard could not find any evidence that plaintiff had collected civilian employment pay from Mr. Smith, Phoenix Security ISA Inc. or any other person, organization or company. Plaintiff believes that the reason the government has stone walled discharging him from Active Guard and Reserve duty is to protect its informant.

### B. Litigation

#### 1) Second IG Complaint

On or around October 1998 plaintiff made a second, written complaint to the IG and to his Member of Congress. On or around November 1998 the Massachusetts National Guard for the second time on a clear act of unlawful retaliation again accused plaintiff of purportedly collecting pay from Mr. Smith. This time the federal government became involved in the matter. On or around December 1998 federal agents asked the criminal

division of the U.S. Attorney's Office to prosecute plaintiff. The criminal division refused citing lack of evidence and advised the agents that plaintiff had made a whistleblower complaint against the Massachusetts National Guard.

### 2) Federal Unlawfully Government Intervenes

On or around January 1999 Plaintiff, represented by attorney Eric S. Maxwell, filed a complaint in State Court against the Massachusetts National Guard and others. On or around February 1999 federal lawyers who conducted civil business instructed the federal agents to purportedly establish probable clause that plaintiff purportedly collected civilian employment pay from Mr. Smith. The federal lawyers then fraudulently argued that the State Court did not have jurisdiction in this matter because plaintiff was purportedly suing a member of the U.S. Armed Forces in his official capacity. The case was unlawfully removed to federal Court by the federal lawyers.

### 3) Alternate Dispute Resolution

The case went to ADR before Judge Skinner. The government argued that only the Army Board Correction Military Records had authority to determine plaintiff's status in the State National Guard. Plaintiff argued correctly that said Board a federal body does not have authority over the State Guard. Judge Skinner advised plaintiff to trust him and to agree to the government's proposal. The judge assured plaintiff that the government lawyers would not lie to him. In fact they did. Said Board has admitted in writing to plaintiff's Member of Congress that it does not have authority over the State Guard. Judge Skinner recommended to the USDC that the case go to said Board. He described the case as a "can of worms" for the USDC. However the Army Board Correction Military Records as essential sat on plaintiff's case. Although its acknowledges that plaintiff was injured in the line of duty while serving on Active Guard and Reserve duty in 1993 it has refused to either discharge plaintiff from Active Guard and Reserve duty, pay him or authorize him to collect civilian employment pay.

### 4) Purported Settlement Agreement

Plaintiff's principal case was settled by fraud on the Court. Apparently the settlement included plaintiff undergoing a medical exam. However the government's own medical board has already made a medical ruling on plaintiff's case in 1997. Said ruling was ignored by the Army Board Correction Military Records. Plaintiff believes that the Board ignored it because it is favorable to plaintiff's claims of military service and that it also substantiates the findings of the U.S. Army IG who found against the government in this matter.

**Discussion**

A. Difference Between State National & Federal Army Reserve

### 1. Plaintiff a Member of State National Guard 1994-1998

Plaintiff was a member of the Massachusetts National Guard from 1984 to 1998. He was purportedly discharged Massachusetts National Guard in December 1998. He was not discharged from Active Guard and Reserve duty. The Massachusetts National Guard is a State organization. Plaintiff properly sued the National Guard in State Court in 1999 concerning his service in the Massachusetts National Guard. The Army Board Correction Military Records received an application from plaintiff to correct his National Guard record in 2000. The Army Board Correction Military Records rendered a decision correcting plaintiff's National Guard record in 2001. It also directed plaintiff to undergo a medical exam. However it refused to request funding and authorization for said exam pursuant to paragraph 4-45 of Army Regulation 40-501. Without the aforementioned request the exam could not lawfully be performed by military medical facilities.

### 2. Plaintiff a Member of the Federal Army Reserve in 1998-2003

Plaintiff purportedly entered the Federal Army Reserve in December 1998. As mentioned above he was still serving on Active Guard and Reserve duty. Plaintiff was purportedly discharged from the Federal Army Reserve in 2003 – having neither worn a uniform nor served a day. In 2005 the U.S. Departments of Defense and Army contacted plaintiff through the good offices of his Member of Congress and informed him that he had never been discharge from Active Guard and Reserve duty in the Massachusetts National Guard and that he remained on Active Guard and Reserve duty until such time as he was issued a DD Form 214 separating him from sad duty.

### 3. Federal Employees Unlawfully Block Resolution and Defame Plaintiff

In response to the above cited finding by the U.S. Departments of Defense and Army three federal employees: Steward (C.A. No. 05-11049-WGY) and Chun (C.A. No. 11731-WGY) and Schweigert (C.A. No 05-11399); took separate unlawful actions to block plaintiff's federal retirement from military service. Plaintiff properly sued each in federal court under federal statutes.

### 4. The Court Improperly Linked Federal and State Defendants, Statutes and Actions.

On or around 17 October 2005 this honorable Court ordered plaintiff to appear for a statutes conference concerning the three above cited actions against the federal defendants plus another action numbered 05-11776-WGY. Plaintiff hereby states that he is not a party to the action numbered 05-11776-WGY. During the status conference the Court improperly linked plaintiff's legal action against the State National Guard to his legal against federal employees. The Court essentially told plaintiff that he had to undergo the medical exam from the State National Guard case in order to proceed in Federal employee cases or otherwise he would be enjoined from filing another action in the federal Court.

4

### B. Conflict of Interest – the honorable Judge Young

Plaintiff sued the honorable Judge Young for trampling on his inalienable rights. The case is currently before the First Circuit. It is inappropriate for the honorable Judge Young to rule on this matter under these circumstances.

### C. Conflict of Inertest – AUSA Smith

AUSA Smith fraudulently removed plaintiff's principal case from State Court in 1999. She fraudulently signed a purported settlement with Attorney Maxwell in 2002. She also unethically defended a fraudulent Discharge Certificate which purports that plaintiff did not serve on Active Guard and Reserve duty but on active duty for tarrying which essentially robs him of his retirement. Said certificate was unlawfully issued about 10-years after the fact without the knowledge of the Secretary of the Army and contained false and misleading information

### Conclusion

The honorable Judge Young should recuse himself from the case and recommend that AUSA Smith be investigated for unethical and possibly unlawful actions. Or, in the alternative, he should order the government to abide with his previous order and provide plaintiff with a proper medical exam.

Respectfully Submitted

Richard W. Comerford Pro Se